## STATE v. REID WILSON.

(Filed 20 May, 1953.)

**1. Indictment and Warrant § 15—**

The Superior Court on appeal from an inferior court has no authority to permit an amendment of the original warrant so as to charge a different offense.

**2. Indictment and Warrant § 9: Intoxicating Liquor § 9a—**

A warrant which, deleted of surplus words, charges that defendant did unlawfully and willfully possess alcoholic liquors on his licensed premises, the possession of which liquors was not authorized under his license which authorized the sale at retail of beverages as defined in G.S. 18-64 (a) (b), *is held* sufficient to charge the unlawful possession of liquor, and permits the inference that the liquor was nontax-paid.

**3. Same: Indictment and Warrant § 15—**

Where the warrant upon which defendant was tried in the inferior court is sufficient to charge defendant with the unlawful possession of nontax-paid liquor, the warrant, though inartfully drawn, is sufficiently definite, and may be amended in the Superior Court to charge the offense in proper language.

**4. Criminal Law § 78b—**

An assignment of error to the refusal of the court to quash the warrant on a ground not advanced during the trial and not ruled on by the trial court, does not present the matter for decision on appeal.

APPEAL by defendant from *Rudisill, J.*, at January Term, 1953, of DAVIDSON.

Criminal prosecution upon warrant signed by "A. L. Parker, Sgt. P. D." on affidavit of "E. R. Secrest, S. H. P." sworn and subscribed before "A. L. Parker, Sgt. P. D." charging that defendant on 29 November, 1952, "did unlawfully and willfully sale, offer for sale, possess, permit consumption, sell, offer for sale, possess, permit the consumption of alcoholic liquors on the licensed premises of his own while acting as a servant, agent or employee of the licensee, the sale and possession of which alcoholic liquors was not authorized under the license which the licensee held authorizing the sale at retail of beverages as defined in Section 18-64 (A) and (B) for consumption on the premises where sold, contrary to the form of the statute" etc., directed "to the chief of police of Lexington, sheriff, constable or other lawful officer of Davidson County" returnable before Davidson County Court—and heard in Superior Court of Davidson County upon appeal thereto by defendant from judgment of the County Court. (Note: The designations A and B of subsections of Section G.S. 18-64 are in fact small letters (a) and (b), and will be so referred to in this opinion.)

Upon the call of the case, the solicitor for the State made motion to amend the affidavit to the warrant so as to charge "that defendant on the 29th day of November, 1952 unlawfully and willfully did have in his possession intoxicating liquors upon which the taxes due the United States and the State of North Carolina had not been paid," and on the second count, further, "on the above date the said Reid Wilson did unlawfully and willfully have intoxicating liquors in his possession for the purpose of sale and did sell illicit liquors," contrary to the form of statute, etc. The amendment was allowed by the court, and defendant objected and excepted, and made special appearance and moved "to quash the warrant." Motion was denied. Defendant then pleaded former jeopardy, —"the case having been formerly tried in a court of competent jurisdiction and this case coming up from a court of competent jurisdiction." Overruled and exception.

Defendant pleaded not guilty.

Upon the trial in Superior Court the State offered evidence tending to show facts from which it may be reasonably inferred that defendant possessed, and directed sale of nontax-paid white whiskey.

Among witnesses put on stand by the State was "E. R. Secrest" who testified that he is a member of the State Highway Patrol. Defendant offered no evidence.

And motions of defendant for judgment as of nonsuit aptly made when the State rested its case, and renewed when he rested, were overruled and defendant excepted.

Verdict: "Guilty of unlawful possession of intoxicating liquor, as charged in the first count of the warrant, and not guilty of unlawful possession for the purpose of sale, as charged in the second count of the warrant."

Judgment: Confinement in common jail of Davidson County for a period of 12 months, assigned to work under the supervision of State Highway and Public Works Commission, as provided by law.

Defendant excepts thereto, and appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*T. S. Wall, Jr., for defendant, appellant.*

WINBORNE, J. The first two assignments of error on this appeal may be considered together. Appellant contends that the original warrant is fatally defective in that it fails to charge any criminal offense, and hence may not be amended.

STATE *v.* WILSON.

In this connection it is a well established rule of practice in criminal prosecutions in this State that the Superior Court, on appeal thereto from an inferior court, has the discretionary authority to permit an amendment of the warrant on'which the prosecution rests. *S. v. Wilson,* 221 N.C. 365, 20 S.E. 2d 273. But a warrant cannot be amended so as to charge a different offense. *S. v. Goff,* 205 N.C. 545, 172 S.E. 407; *S. v. Clegg,* 214 N.C. 675, 200 S.E. 371; *S. v. Brown,* 225 N.C. 22, 33 S.E. 2d 121; *Carson v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609, and numerous other cases.

On the other hand, the Attorney-General for the State, while admitting that the warrant is "inartfully drawn," contends that the original warrant charges at least three separate offenses: (1) The unlawful possession of nontax-paid liquor, (2) the unlawful possession for purpose of sale of nontax-paid liquor, and (3) the unlawful sale of alcoholic liquors; and that the amendments simply state the three charges "in more workmanlike language."

Be that as it may, since the jury only found defendant guilty of the offense of unlawful possession of intoxicating liquors, as charged in the first count, that is, of nontax-paid liquor, consideration of these assignments may be confined to that count.

Now, turning to the original affidavit on which the warrant was issued, it seems clear that the phraseology of it, deleted of surplus words, *S. v. Levy,* 220 N.C. 812, 18 S.E. 2d 355, may be divided into two parts. The first part charges that defendant "did unlawfully and willfully . . . possess . . . alcoholic liquors on the licensed premises of his own . . ." And the second part, reading "the . . . possession of which alcoholic liquors was not authorized under the license which the licensee held authorizing the sale at retail of beverages as defined in Section 18-64 (a) and (b) for consumption on the premises where sold," distinguishes the liquors unlawfully possessed from those alcoholic beverages lawfully possessed under license,—thereby making certain the character of liquor of which defendant is charged with unlawful possession. And from this distinguishing character, it may be inferred that the alcoholic liquors unlawfully possessed were nontax-paid,—as the evidence offered upon trial tends to show.

Accordingly this Court holds that the charge is sufficiently definite to withstand the attack made upon it by defendant, and to admit of amendment as allowed,—designated the first count.

Therefore motions of defendant to quash the warrant founded on the original affidavit, and the affidavit as amended, were properly overruled. And in the assignments based upon exceptions thereto error is not made to appear.

The next assignment of error is that "the motion to quash the warrant for the reason that the warrant was issued by A. L. Parker, a Sergeant of the Police Department, which is unconstitutional in North Carolina." However, reference to the record fails to disclose that the motion to quash was based on this ground. And there is nothing in the record to indicate that the court made any ruling in this respect. Defendant in his brief points to the general statute, G.S. 15-18, as authority in support of his position that the Sergeant of the Police Department is not authorized to issue a warrant. However, the Attorney-General calls attention to the fact that the General Assembly has authorized and empowered "The Chief of Police, the Captains and the Sergeants of the Police Department of the Town of Lexington, Davidson County," "to issue warrants and all other criminal process, take affidavits and receive bail in any criminal action coming before the inferior court known as 'The Davidson County Court.'" Section 1 of Chapter 1258 of 1949 Session Laws of North Carolina. Defendant does not refer to this act nor discuss its provisions. Hence the question of the legality, or the constitutionality of the act of the Sergeant of the Police Department in issuing the warrant is not presented, and is not considered.

The motions of defendant aptly made for judgment as of nonsuit were properly overruled. The evidence appears to be sufficient to take the case to the jury, and to support the verdict rendered. And there is nothing in the record to show that defendant was taken unawares.

Other assignments of error are considered, and fail to reveal prejudicial error.

Therefore, in the judgment below, we find

No error.