## STATE v. HORACE LEWIS WHALEY.

### (Filed 29 March, 1967.)

**Indictment and Warrant § 14;   Criminal Law § 121—**

By pleading not guilty to warrants in a court having jurisdiction of the offense charged, without any motion addressed to the validity of the warrants, defendant waives defects, if any, incident to the authority of the person who issued the warrants, both in regard to a motion to quash and in regard to a motion in arrest of judgment.

APPEAL by defendant from *Peel, J.,* 31 October 1966 Session of LENOIR.

Defendant was charged in a warrant with unlawfully and wilfully operating an automobile upon the public highway while under the influence of intoxicating liquor, and was originally tried in the Kinston-Lenoir County Recorder's Court upon a plea of "not guilty." From a judgment of "guilty," defendant appealed to the Superior Court.

Prior to entering a plea in Superior Court, defendant moved the court to quash the warrant, which motion was denied. Defendant then pleaded not guilty and the case came on for trial. The jury returned a verdict of "Guilty of operating an automobile under the influence of intoxicating liquor," and judgment was entered thereon. Prior to sentencing, defendant moved the court that judgment be arrested for the reason that the warrant under which defendant was tried was not signed by a judicial officer, as required by law, but was signed by an executive officer. This motion was denied, and defendant appealed to the Supreme Court.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Turner & Harrison for defendant.*

PER CURIAM. Defendant assigns as error the denial of his motion to quash the warrant and his motion made in arrest of judgment.

This case is controlled by *State v. Wiggs,* 269 N.C. 507, 153 S.E. 2d 84, wherein Bobbitt, J., stated:

". . . Having pleaded not guilty to said warrants in the City Court of Raleigh, a court having jurisdiction of all offenses charged in said warrants, defendant waived defects, if any, incident to the authority of the person who issued the warrant. 'Decisions of this Court are uniform in holding that a motion to quash the warrant or bill of indictment, if made af-

ter plea of not guilty is entered, is addressed to the discretion of the trial court. The exercise of such discretion is not reviewable on appeal.' *S. v. St. Clair,* 246 N.C. 183, 186, 97 S.E. 2d 840, 842, and cases cited. See also *S. v. Furmage,* 250 N.C. 616, 620, 109 S.E. 2d 563, 566. Too, in respect of defendant's motions in arrest of judgment, such pleas waived defects, if any, incident to the authority of the person(s) who issued the warrants. *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642."

The Kinston-Lenoir County Recorder's Court had jurisdiction of the offenses charged in the warrant. The defendant pleaded not guilty to said warrant in that court without any motion addressed to the validity of the warrant. Therefore, the defendant waived defects, if any, incident to the authority of the person who issued the warrant. The court's actions in refusing the motion in arrest of judgment and to quash were correct. The judgment of the lower court is

Affirmed.