STATE v. BOBBY RAND MATTHEWS.

(Filed 12 April, 1967.)

**1. Indictment and Warrant § 7—**

An order and its supporting affidavit must be considered a single document and constitutes the warrant of arrest, and a fatal defect in the order of arrest constitute a fatal defect in the warrant.

**2. Indictment and Warrant § 14—**

While a plea of not guilty in a municipal court having jurisdiction waives defects with reference to the authority of the person who issues the warrant, a motion to quash the warrant made for the first time in the Superior Court on appeal may be determined by the judge of the Superior Court in his discretion, and when the trial judge hears the motion in his discretion, the motion has the same legal effect as if timely made first in the municipal court and later in the Superior Court.

**3. Indictment and Warrant § 6—**

The issuance of a warrant of arrest is a judicial act, and under the Fourth and Fourteenth Amendments to the Federal Constitution a warrant must be issued in the exercise of judicial power, and a "desk officer"

STATE *v.* MATTHEWS.

appointed by the chief of police is not a neutral and detached magistrate within the requirement of the Fourteenth Amendment to the Federal Constitution in issuing a warrant of arrest on the affidavit of a fellow officer.

**4. Same;   Constitutional Law § 1—**

The Fourth Amendment to the Federal Constitution is binding on the States by virtue of the Fourteenth Amendment to the Federal Constitution, and the limitations of the Fourth Amendment apply to warrants of arrest as well as to search warrants.

**5. Constitutional Law § 10—**

The primary purpose of the Amendment to Article IV of the State Constitution is to establish a unified judicial system, and the General Assembly has no power to establish or authorize any courts other than as permitted by this Article. Constitution of North Carolina, Art. IV, § 1.

**6. Same—**

While every presumption will be indulged in favor of the constitutionality of a statute, when a statute is clearly in excess of the authority vested in the General Assembly, it is the duty of the Court to declare the act unconstitutional.

**7. Same;   Indictment and Warrant § 6—**

G.S. 160-20.1 and Chapter 1093, Session Laws of 1963, purporting to confer judicial powers on persons who are not officers of the General Court of Justice and who were not vested with judicial power on November 6, 1962, are void, and a "desk officer" appointed by the chief of police of a municipality may not issue a warrant of arrest, even in those instances in which the complainant is a private citizen and has no connection with any law enforcement agency, since these statutes exceed the limitations placed upon the power of the General Assembly by Article IV of the State Constitution.

**8. Same—**

All officials authorized to issue warrants by statutes in force on November 6, 1962, may continue to issue warrants until district courts are established in the district. Art. IV, § 21 of the State Constitution.

APPEAL by State of North Carolina from *Braswell, J.,* October 3, 1966 Regular Criminal Session of WAKE.

Criminal prosecution based on a warrant issued May 22, 1965, by "R. F. Johnson, Desk Officer," on affidavit of C. G. Smith, a Raleigh Police Officer, charging that defendant, on said date, operated an automobile on designated public streets of Raleigh while under the influence of intoxicating liquor. After trial and conviction in the City Court of Raleigh, defendant appealed from the judgment there pronounced to the superior court for trial *de novo.*

At a trial in superior court on November 16, 1965, the jury was unable to agree on a verdict and a mistrial was ordered.

When the case came on for (second) trial on October 13, 1966,

defendant's counsel moved "to quash the warrant." Judge Braswell elected, in his discretion, to entertain the motion; and, after consideration thereof, entered an order which, after recitals, provides:

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the motion to quash and dismiss the purported warrant is allowed; AND

"IT IS FURTHER ADJUDGED AND DECREED that G.S. 160-20.1 and S. L. 1963, Chapter 1093, are unconstitutional and therefore are of no force and effect."

The State, pursuant to G.S. 15-179, appealed.

*Attorney General Bruton, Deputy Attorney General McGalliard and Staff Attorney Partin for the State.*
*Carl C. Churchill, Jr., for defendant appellee.*

BOBBITT, J. The motion to quash challenges the warrant on the ground "R. F. Johnson, Desk Officer," had no authority to issue such warrant.

The order of arrest signed by "R. F. Johnson, Desk Officer," and the attached affidavit of C. G. Smith on which it is based, are to be read and considered as a single document and together constitute a warrant. *S. v. Gupton,* 166 N.C. 257, 80 S.E. 989; *Moser v. Fulk,* 237 N.C. 302, 74 S.E. 2d 729, and cases cited. Defects, if any, in the warrant affect its validity as a basis for a criminal prosecution on the charge set forth in the affidavit as well as its validity as a basis for a legal arrest. *S. v. Blackwell,* 246 N.C. 642, 99 S.E. 2d 867.

By pleading not guilty to such warrant in the City Court of Raleigh, defendant waived all defects with reference to the authority of the person who issued the warrant. Whether the motion to quash *would be entertained when made for the first time in the superior court* was for determination by the trial judge in the exercise of his discretion. *S. v. Turner,* 170 N.C. 701, 86 S.E. 1019; *S. v. Wilson,* 237 N.C. 746, 75 S.E. 2d 924; *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642; *S. v. St. Clair,* 246 N.C. 183, 97 S.E. 2d 840; *S. v. Wiggs,* 269 N.C. 507, 153 S.E. 2d 84; *S. v. Whaley,* 269 N.C. 761, 153 S.E. 2d 493; *S. v. Blacknell, post,* 103, 153 S.E. 2d 789. Judge Braswell, in his discretion, elected to do so; and, after consideration, allowed defendant's motion on the ground the statutes purporting to confer authority on such desk officer are unconstitutional.

In *S. v. Blackwell, supra,* this Court affirmed a judgment quashing a warrant on the ground the person who issued it, a police sergeant, was not authorized by law to do so. The defendant had made timely motions, first in the Municipal Court of the City of High Point and later in the superior court. Here, Judge Braswell having

elected to entertain defendant's motion, it became and is for consideration as if timely made.

Chapter 1093, Session Laws of 1963, entitled "AN ACT To AUTHORIZE THE ISSUANCE OF WARRANTS BY CERTAIN LAW ENFORCEMENT OFFICERS OF THE CITY OF RALEIGH," ratified June 21, 1963, provides: "Officers of the police department of the City of Raleigh, who are or may be designated as 'desk officers' by the chief of police, are hereby authorized to issue warrants in criminal matters in the same manner, to the same extent, and under the same rules of law as are now or hereafter applicable to the issuance of such warrants by justices of the peace; provided, that no warrant so issued may be served by the issuing officer."

Chapter 1261, Session Laws of 1963, entitled "AN ACT TO AUTHORIZE THE ISSUANCE OF WARRANTS BY CERTAIN LAW ENFORCEMENT OFFICERS," ratified June 26, 1963, and now codified as G.S. 160-20.1, provides: "Officers of the police department of any municipality, who are or may be designated as 'desk officers' by the chief of police, are hereby authorized to issue warrants in criminal matters in the same manner, to the same extent, and under the same rules of law as are applicable to the issuance of such warrants by justices of the peace on June 30, 1963; provided, that no warrant so issued may be served by the issuing officer. Providing the provisions of this Act shall not apply to any municipality having a population of less than four thousand (4,000) based upon the most recent Federal decennial census."

The two statutes, one special and the other general, are identical in respect of all provisions pertinent to decision on this appeal.

Although the record is silent with reference thereto, both briefs assume, and for present purposes we assume, that the Chief of Police of Raleigh, pursuant to the authority purportedly conferred upon him by the quoted statutes, designated R. F. Johnson, an officer of the Police Department of the City of Raleigh, as a "desk officer," and that R. F. Johnson was acting pursuant to such designation on May 22, 1965.

The statutes now challenged purport to confer on "desk officers," appointed as provided therein, authority "to issue warrants in criminal matters in the same manner, to the same extent, and under the same rules of law as are applicable to the issuance of such warrants by justices of the peace." Justices of the peace are authorized to issue: (1) Warrants of arrest, G.S. 15-18; (2) search warrants, G.S. 15-25; and (3) peace warrants, G.S. 15-28. The warrant now challenged by defendant's motion to quash is a warrant of arrest.

G.S. 15-18 provides: "The following persons respectively have power to issue process for the apprehension of persons charged with

any offense, and to execute the powers and duties conferred in this chapter, namely: The Chief Justice and the associate justices of the Supreme Court, the judges of the superior court, judges of criminal courts, presiding officers of inferior courts, justices of the peace, mayors of cities, or other chief officers of incorporated towns."

G.S. 15-19 provides: "Whenever complaint is made to any such magistrate that a criminal offense has been committed within this State, or without this State and within the United States, and that a person charged therewith is in this State, it shall be the duty of such magistrate to examine on oath the complainant and any witnesses who may be produced by him."

G.S. 15-20, in pertinent part, provides: "If it shall appear from such examination that any criminal offense has been committed, the magistrate shall issue a proper warrant under his hand, with or without seal, reciting the accusation, and commanding the officer to whom it is directed forthwith to take the person accused of having committed the offense, and bring him before a magistrate, to be dealt with according to law. A justice of the peace or a chief officer of a city or town shall direct his warrant to the sheriff or other lawful officer of his county."

While G.S. 15-18 confers authority to issue warrants upon justices of the peace, a justice of the peace may lawfully exercise such authority only by complying with the requirements of G.S. 15-19 and G.S. 15-20. After the required examination on oath of "the complainant and any witnesses who may be produced by him," the justice of the peace is authorized to issue the warrant upon his determination there is sufficient ground for the arrest and prosecution of the accused person for the described criminal offense.

"The issuance of a warrant of arrest is a judicial act." S. v. McGowan, 243 N.C. 431, 90 S.E. 2d 703; 22 C.J.S., Criminal Law § 318. That the exercise of judicial power is prerequisite to the issuance of a valid warrant is emphasized in decisions of the Supreme Court of the United States interpreting the Fourth Amendment to the Constitution of the United States.

The Fourth Amendment provides, in part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

It was held in Giordenello v. United States, 357 U.S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245, that the quoted language of the Fourth Amendment "applies to arrest as well as search warrants." In Mapp v. Ohio, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A.L.R. 2d 933, it was held specifically that the constitutional prohibitions of

the Fourth Amendment are enforceable against the States through the Fourteenth Amendment.

In *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, the question for decision was the admissibility, in a prosecution in a Texas State Court, of evidence obtained by police officers as the result of a search made under authority of a search warrant issued by a local justice of the peace. It was held the affidavit submitted to the magistrate was insufficient to justify the issuance of the search warrant and that the evidence should have been excluded. Mr. Justice Goldberg quoted with approval the excerpts from prior opinions set forth below.

In *Nathanson v. United States,* 290 U.S. 41, 78 L. Ed. 159, 54 S. Ct. 11, Mr. Justice McReynolds stated: "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation."

In *Johnson v. United States,* 333 U.S. 10, 92 L. Ed. 436, 68 S. Ct. 367, Mr. Justice Jackson stated: "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime."

In *Giordenello v. United States, supra,* Mr. Justice Harlan stated: "The purpose of the complaint, then, is to enable the appropriate magistrate . . . to determine whether the 'probable cause' required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause."

As stated by Higgins, J., in *S. v. Myers,* 266 N.C. 581, 583, 146 S.E. 2d 674, 676, citing *Aguilar, Mapp, Giordenello* and *Nathanson,* our decisions "are subject to the overriding authority of the Supreme Court of the United States to determine the citizen's rights under the Fourth and Fourteenth Amendments to the United States Constitution."

Our law enforcement officers deserve our gratitude, confidence and support. Even so, we cannot hold that a "desk officer" appointed by his chief of police, as provided in the statutes now challenged, has the status of "a neutral and detached magistrate" when considering an affidavit of a fellow officer of the same department. In this factual situation, we are of opinion, and so decide, that the warrant issued by "R. F. Johnson, Desk Officer," is invalid for

failure to meet the requirements of the Fourth and Fourteenth Amendments to the Constitution of the United States.

There remains for consideration whether the General Assembly can confer upon a police officer judicial power sufficient to authorize the issuance of a valid warrant under any circumstances, e. g., where the complainant is a private citizen and has no connection with any law enforcement agency. The answer to this question is to be found in Article IV of the Constitution of North Carolina as amended by the voters in the general election held November 6, 1962.

Sections 1, 2 and 3 of Article IV, as amended in 1962, provide:

"Section 1. Division of judicial power. The judicial power of the State shall, except as provided in Section 3 of this Article, be vested in a court for the Trial of Impeachments and in a General Court of Justice. The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a co-ordinate department of the government, nor shall it establish or authorize any courts other than as permitted by this Article.

"Sec. 2. General Court of Justice. The General Court of Justice shall constitute a unified judicial system for purposes of jurisdiction, operation, and administration; and shall consist of an appellate division, a Superior Court division, and a District Court division.

"Sec. 3. Judicial powers of administrative agencies. The General Assembly may vest in administrative agencies established pursuant to law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies were created. Appeals from administrative agencies shall be to the General Court of Justice."

"The General Court of Justice consists exclusively of *the courts* constituting the appellate, superior court and district court divisions thereof." *Utilities Commission v. Finishing Plant*, 264 N.C. 416, 422, 142 S.E. 2d 8, 12.

Section 2 of Article IV, prior to amendment in 1962, provided:

"The judicial power of the State shall be vested in a court for the trial of impeachments, a Supreme Court, Superior Courts, courts of justices of the peace, *and such other courts inferior to the Supreme Court as may be established by law*." (Our italics.)

Section 12 of Article IV, prior to amendment in 1962, provided:

"The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a co-ordinate department of the government; *but the General Assembly shall allot and distribute that portion of this*

*power and jurisdiction which does not pertain to the Supreme Court among the other courts prescribed in this Constitution or which may be established by law, in such manner as it may deem best;* provide also a proper system of appeals; *and regulate by law, when necessary, the methods of proceeding in the exercise of their powers, of all the courts below the Supreme Court,* so far as the same may be done without conflict with other provisions of this Constitution." (Our italics.)

The last clause of Section 1 of Article IV, as amended in 1962, providing that the General Assembly shall have no power to "establish or authorize any courts other than as permitted by this Article," is entirely new.

The primary purpose of said amendment of Article IV of the Constitution of North Carolina was to establish "a unified judicial system." To accomplish this result, *all* judicial power, except that vested in a court for the trial of impeachments and in administrative agencies, is now vested *by the Constitution* in the General Court of Justice. A police officer is not an official of the General Court of Justice. Obviously, he is not an administrative agency within the meaning of Section 3. Hence, the General Assembly lacks constitutional authority to confer judicial power upon a police officer.

Mindful of the fact that a district court will not be established in Wake County, the Tenth Superior Court Judicial District, until the first Monday in December 1968, G.S. Chapter 7A, Article 13, this excerpt from Section 21 of Article IV, as amended in 1962, is pertinent: "The statutes and rules governing procedure and practice in the Superior Courts and inferior courts, *in force at the time the amendments constituting this Article are ratified by the people,* shall continue in force until superseded or repealed by rules of procedure and practice adopted pursuant to Section 11(2) of this Article." (Our italics.) The statutes authorizing "desk officers" to issue warrants were adopted in 1963, *subsequent* to the date (November 6, 1962) of ratification of the amendments to Article IV. Thus, until a district court is established, no officials have authority to issue warrants except those authorized to do so by statutes in force on November 6, 1962.

In *S. v. Furmage,* 250 N.C. 616, 109 S.E. 2d 563, cited by the State, the validity of a public-local law authorizing the prosecuting attorneys of the Recorders' Courts of Robeson County "to issue warrants . . . and administer oaths" was challenged *solely* on the ground it violated Article I, Section 8, of the Constitution of North Carolina, providing that "(t)he legislative, executive and *supreme* judicial powers of the government ought to be forever sep-

arate and distinct from each other." (Our italics.) This Court held the issuance of a warrant did not require or involve the exercise of *supreme* judicial power. Defendant does not contend the statutes now challenged are unconstitutional as violative of said Article I, Section 8.

Although every presumption is to be indulged in favor of the constitutionality of a statute, *S. v. Leuders*, 214 N.C. 558, 561, 200 S.E. 22, 24, we are mindful that, as stated by Parker, J. (now C.J.), in *Wilson v. High Point*, 238 N.C. 14, 23, 76 S.E. 2d 546, 552, "when it is clear a statute transgresses the authority vested in the legislature by the Constitution, it is a duty of the Court to declare the act unconstitutional."

This Court is of opinion, and we so hold, that the 1963 statutes now challenged, purporting to confer judicial power on persons who are not officers of the General Court of Justice and who were not vested with such judicial power on November 6, 1962, exceeded the limitations placed upon the power of the General Assembly by Article IV of the Constitution of North Carolina. Hence, in agreement with Judge Braswell, we hold the 1963 Acts now challenged unconstitutional and void. Accordingly, the judgment of the court below sustaining defendant's motion to quash the warrant is affirmed.

Affirmed.