STATE OF NORTH CAROLINA v. ROBERT LINDSEY STALLINGS

No. 6910SC145

(Filed 2 April 1969)

1. Indictment and Warrant § 6— issuance of warrants — the oath
    Warrants may not be issued without examination of the complainant under oath. G.S. 15-19.

2. Indictment and Warrant § 6— issuance of warrant under oath
    Evidence *is held* sufficient to support a finding that warrant, which was valid and regular on its face, was sworn to by the complaining witness at the time he signed it.

3. Indictment and Warrant § 15— motion to quash — time of motion — review
    A motion to quash, made in the superior court after pleading to the warrant in the recorder's court, is addressed to the discretion of the trial court, and the exercise of such discretion in the absence of abuse thereof is not reviewable on appeal.

4. Indictment and Warrant § 15— waiver of irregularity in warrant
    Mere irregularities in a warrant regular and valid on its face are waived unless motion to quash is made before plea.

5. Indictment and Warrant § 15— waiver of defect in warrant relating to authority of issuing officer
    By pleading to a warrant in an inferior court having jurisdiction of the offense charged before moving to quash the warrant in the superior court on grounds that the issuing officer was a police officer, defendant waives defects, if any, incident to the authority of the person who issued the

STATE v. STALLINGS

warrant, and the waiver applies both in a motion to quash and in a motion in arrest of judgment on the same grounds.

6. **Criminal Law § 169— harmless or prejudicial error in admission of evidence — failure to object — admission of similar evidence**

In a prosecution upon warrant charging defendant with the unlawful operation of a motor vehicle on the highways of the state while under the influence of intoxicating beverages, defendant was not prejudiced by testimony of a police officer on direct examination relating to his investigation of a cross burning in addition to investigation of the offense charged, since (1) the defendant did not object or move to strike the reference to the cross burning and (2) the defendant himself, on cross-examination of the officer, brought out the fact that defendant was charged with the offense of "cross burning."

7. **Criminal Law § 86— impeachment of defendant — evidence of other crimes**

Where defendant took the stand in his own behalf in a prosecution for driving on the highways of the state while under the influence of intoxicating beverages, it was competent for the solicitor to cross-examine defendant about his conviction of the crime of "cross burning," as well as any other crimes of which defendant may have been convicted, for the purpose of impeaching him as a witness.

8. **Criminal Law § 88— cross-examination of witnesses — latitude of solicitor**

In a prosecution upon warrant charging defendant with the unlawful operation of a motor vehicle on the highways of the state while under the influence of intoxicating liquor, where defendant's own witness testified on direct examination as to "cross burning" and used the term several times, the solicitor has wide latitude to cross-examine the witness for purposes of impeachment as to whether the witness was involved in a "cross burning."

9. **Criminal Law § 138— determination of sentence — observation of defendant's trial conduct**

In determining sentence of imprisonment on defendant's first conviction of operating a motor vehicle while under the influence of intoxicating beverages, trial court did not err in considering the conduct and appearance of the defendant in court.

APPEAL by defendant from *McKinnon, J.,* Regular October 1968 Criminal Session of Superior Court of WAKE County.

Defendant was charged in a warrant with unlawfully and wilfully operating a motor vehicle on the state highways of North Carolina while under the influence of intoxicating beverages. The warrant is signed by "W. B. HOPKINS, Clerk of the Recorder's Court" and was issued, according to the title thereof, "in the Recorder's Court of Zebulon and Little River Township." The record shows that at his trial in the Recorder's Court of Zebulon and Little River

Township the defendant was found guilty and from sentence imposed, appealed to the Superior Court.

Prior to entering a plea of not guilty in the Superior Court, the defendant for the first time moved the court to quash the warrant, which motion was denied. Upon the trial, the jury returned a verdict of guilty as charged. After judgment of imprisonment for a term of six months was imposed, the defendant moved in arrest of judgment, which motion was denied. The defendant excepted and, assigning error, appealed to the. Court of Appeals.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen for the State.*

*Hubert H. Senter for defendant appellant.*

MALLARD, C.J.

Defendant contends, among other things, that the warrant of arrest was obtained by the witness Hilliard in a manner which violated the provisions of G.S. 15-19, in that, he was never examined under oath by the issuing officer; that the warrant was void from the beginning, therefore, the trial in the Zebulon recorder's court was based on a void warrant; and that on an appeal the superior court did not have jurisdiction to try the defendant on this purported warrant.

[1] Warrants may not be issued without examination of the complainant under oath. *State v. Higgins,* 266 N.C. 589, 146 S.E. 2d 681; G.S. 15-19. In this case the record shows that the affidavit constituting a part of the warrant herein was subscribed and sworn to before W. B. Hopkins, clerk of the recorder's court.

[2] Although the testimony of the officer regarding the warrant appears to be contradictory with respect to whether he was sworn and examined by the issuing official prior to the issuance of the warrant, the record reveals that the following question was propounded to and answered by the officer:

"Q. Did you ever swear to this warrant at the time you signed it; did you swear to the content?

A. The best I recall, I did."

This is affirmative testimony that the warrant was sworn to by the complainant. Since the warrant is valid and regular on its face, and the evidence does not clearly establish its invalidity, we are of the opinion and so hold that the warrant in this case is not void.

Defendant also contends that the court committed error in denying his motion to quash the warrant and in denying his motion in arrest of judgment on the grounds that the issuing officer was a police officer and also the clerk of the recorder's court.

> "A motion in arrest of judgment can be based only on matters which appear on the face of the record proper, or on matters which should, but do not, appear on the face of the record proper. (citations omitted) The record proper in any action includes only those essential proceedings which are made of record by the law itself, and as such are self-preserving. (citations omitted) The evidence in a case is no part of the record proper. (citations omitted) In consequence, defects which appear only by the aid of evidence cannot be the subject of a motion in arrest of judgment." *State v. Gaston*, 236 N.C. 499, 73 S.E. 2d 311.

[3, 4]  The motion to quash, which was made in the superior court after pleading to the warrant in the recorder's court, is addressed to the discretion of the trial court. The exercise of such discretion in the absence of abuse thereof is not reviewable on appeal. "Mere irregularities in a warrant regular and valid on its face are waived unless motion to quash is made before plea." 4 Strong, N. C. Index 2d, Indictment and Warrant, § 15. With respect to defendant's motion in arrest of judgment after pleading in the recorder's court, such plea is held to have waived defects, if any, incident to the authority of the person who issued the warrant. *State v. Matthews*, 270 N.C. 35, 153 S.E. 2d 791; *State v. Blacknell*, 270 N.C. 103, 153 S.E. 2d 789.

[5]  The Recorder's Court of Zebulon and Little River Township had jurisdiction of the offense charged in the warrant, and by entering his plea in that court without moving to quash the warrant, the defendant waives defects, if any, incident to the authority of the person who issued the warrant, and this waiver applies both in a motion to quash and in a motion in arrest of judgment on the same grounds. *State v. Wiggs*, 269 N.C. 507, 153 S.E. 2d 84; *State v. Whaley*, 269 N.C. 761, 153 S.E. 2d 493.

[6]  Defendant contends that the trial court committed error in admission of certain evidence and in its ruling on certain questions. These questions relate, in the main, to references to cross burning. The first time cross burning is mentioned in the record is when the witness Hilliard responded to the following question in the following manner:

"Q. Tell us what happened?

A. Well, I had a call to go out to the residence of James Neill in reference to a cross burning."

The defendant objected, moved to strike which motion was denied, and the defendant excepted.

The next reference to cross burning in the record is when the following question was propounded and answer made thereto by the witness Hilliard:

"Q. Of what?

A. Some liquor. Inside the car were several empty beer cans.

MR. SENTER: Objection.

COURT: Overruled.

A. Several beer cans, three full beers and a fifth of vodka half gone. We took it and carried Mr. Stallings on to the police station and locked him up after questioning him some first in reference to this cross burning, which he was later involved in."

There was no motion to strike the above reference to cross burning by the defendant. However, the court instructed the witness as follows: "Don't comment on that, sir."

The next occasion in the record in which cross burning is referred to is while the same witness Hilliard was being questioned, when the following question and answer appear in the record:

"Q. What were you doing when you first saw the defendant drive by?

MR. SENTER: Objection.

COURT: Overruled.

Exception No. 2.

A. I was talking to the residents of this home in regard to this cross burning."

The defendant objected and moved to strike which objection was overruled and motion was denied.

The defendant did not object or move to strike the reference of the officer to the cross burning in which the defendant was later involved. In addition to this failure, after the witness Hilliard was taken on cross-examination by the defendant, the following question and answer were propounded by the *defendant,* not by the State:

"Q.  Mr. Hilliard, do you have notes on this; did you or did
      you not make a statement to Robert Lindsey Stallings
      that if he would plead guilty and pay-off a charge of cross
      burning that you would request the lower court to accept
      a plea of careless and reckless driving to this charge?

A.  No, sir."

The defendant, therefore, cannot complain inasmuch as he is the
one who brought out the fact that the defendant was charged with
"cross burning."

The next reference in the record with respect to cross burning
is when the defendant himself was testifying and in response to
questions asked by the defendant's lawyer, the defendant, without
objection on the part of the State or the defendant, answered the
following questions as follows:

"Q.  What did he tell you when you went back to the car?

A.  He asked me what we were doing burning the cross.

Q.  What did you tell him?

A.  I told him we haven't burn no cross."

The evidence for the State tends to show that the defendant was
operating an automobile on the public highways of North Carolina
on the night of 25 May 1968 while under the influence of intoxi-
cating beverages. The evidence of the defendant tends to show that
he was not under the influence of intoxicating beverages but that
he had "a couple of beers and a drank (sic) of liquor." The de-
fendant was asked by his attorney on direct examination, without
objection, if he had ever been charged with driving under the in-
fluence and answered in the negative. He was then asked what motor
vehicle laws he had ever been convicted of and replied none. All of
this was without objection. The defendant was then asked by his
counsel if he had any criminal record. The record is silent as to the
purpose for which this question was asked by counsel for the de-
fendant. Surely the defendant did not intend to attack his own cred-
ibility. Perhaps defendant felt that if he brought out his criminal
record, it would make him appear in a better light to the jury. How-
ever, in response to the question as to what criminal record the de-
fendant had, the defendant, again without objection, replied, "Well,
I paid off a public drunkenness ticket one time." His counsel asked
him how long ago that had been, the witness replied, and counsel for
defendant asked no further questions. Thereupon, the solicitor for
the State asked the defendant if he had not been convicted of cross
burning, and the witness replied that he had. The solicitor then asked

the defendant why he did not inform the court of this when his attorney, Mr. Senter, asked him what he had been convicted of, and the defendant replied that he did not think about it. Thereupon, the witness was asked if he did not see a cross burning as he was driving his vehicle that night, and he said he did not see it at all, and then he was asked if the cross burning charge on which he was convicted did not occur on 25 May. The defendant's counsel objected, and the court sustained the objection. This was not error. The defendant was asked if he did not appeal his cross burning conviction to the Wake County Superior Court, and the defendant replied that he did and that the reason that the case is not pending now is that, "I paid it off." The defendant gave as his reason for paying it off that he did not have money to hire a lawyer and, without objection, replied to the question that he complied with the judgment of the lower court in the cross burning case. Later in the examination, the solicitor asked the defendant if he did not testify for another person who was there in the courtroom "who is charged with cross burning." The objection of the defendant was sustained, and the witness was not permitted to answer. This was not error.

**[7]**    The defendant had not divulged to the court his conviction of the crime of "cross burning." It was competent, therefore, for the solicitor to cross-examine the defendant about this and any other crimes of which the defendant may have been convicted for the purpose of impeaching him as a witness. *State v. Robinson,* 272 N.C. 271, 158 S.E. 2d 23.

**[8]**    The next reference in the record to burning a cross is when defendant's own witness, Billy Zester Horton, testified as to cross burning and used the term several times, none of which were objected to by the defendant. The solicitor was permitted, over objection, to question defendant's witness as to whether he was involved in burning a cross.

In 7 Strong, N. C. Index 2d, Witnesses, § 8, we find the following:

"The latitude of cross-examination for the purpose of impeachment is wide. A witness may be asked questions on cross-examination which tend to test his accuracy, to show his interest or bias, or impeach his credibility. The mentality of the witness is a subject of cross-examination, and a witness may be asked if he had not been an inmate of a mental institution. Questions relating to crime and antisocial conduct are allowed. Nevertheless, the bounds of the cross-examination must be confined within reason to questions rationally tending to affect the credibility of the witness, and which relate to matters testified to in the exam-

ination-in-chief which are germane to the controversy. And the extent to which cross-examination for the purpose of impeachment will be permitted rests largely in the discretion of the trial court."

We have carefully examined all of the defendant's exceptions and assignments of error in respect to the references to and questions asked relating to cross burning, and all are overruled.

[9]    The defendant contends that the court committed error when it stated in sentencing the defendant:

"You may stand, Mr. Stallings. Let the record show that from the observations of the defendant's demeanor and his testimony in a case heard during this week in which he testified as well as in this case, the Court finds that he is not a proper subject for consideration upon a fine and suspended sentence. In the present case, Mr. Stallings, you are not being punished for the offense of cross burning, you have been punished for that and met the judgment of that; but your conduct and appearance here in court on whatever advice it may have been or on what motive it may have been makes me think you are not deserving of lenience that's given to first offenders of driving under the influence."

Although the defendant contends that the statement of the court in sentencing the defendant is error, the defendant does not cite any authority for this position. This contention is without merit. We find in the case of *State v. Thompson,* 267 N.C. 653, 148 S.E. 2d 613, the following:

"Nevertheless, we point out that in determining what punishment should be imposed upon a defendant, a court is not confined to evidence relating to the offense charged. 'It may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment. Hence, it may inquire into such matters as the age, character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced.' *State v. Cooper,* 238 N.C. 241, 244, 77 S.E. 2d 695, 698."

The able judge who presided in this case did not commit error when he stated in passing judgment that he was considering the conduct and appearance of the defendant in court. The sentence imposed herein was well within the limits allowed by law. It is noted that the trial judge informed the defendant that he had been punished for the other crime that he admitted he had been convicted of

but that the judge did take into consideration his conduct, appearance and demeanor as he appeared in court. This was not error.

We have carefully examined all of the assignments of error brought forward by the defendant and find no error prejudicial to the defendant.

No error.

BRITT and PARKER, JJ., concur.