STATE OF NORTH CAROLINA v. DEMPSEY ROY POWELL

No. 7119SC83

(Filed 24 February 1971)

1. Indictment and Warrant § 12— allowance of motion to amend warrant — amendments not made

The allowance of a motion to amend a warrant is not self-executing, and when the amendments are not actually made pursuant to the court's ruling, the defects are not cured.

2. Indictment and Warrant § 15— motion to quash in superior court — failure to make motion in recorder's court

Motion to quash the warrant made for the first time in the superior court on appeal from conviction in a recorder's court, although not made in apt time, may be entertained by the superior court judge in his discretion.

3. Indictment and Warrant § 7— uniform traffic ticket — purported warrant — insufficiency as an information

In this prosecution for resisting arrest and assault, neither a uniform traffic ticket nor a warrant purportedly charging the offenses is sufficient to be treated as an information under G.S. 15-140.

4. Arrest and Bail § 6; Assault and Battery § 11— resisting arrest — assault — insufficiency of allegations in uniform traffic ticket

Uniform traffic ticket in which charge of resisting arrest is set forth only by use of the words "resist arrest," and charge of assault is set forth by use of the words "Assault On An Officer" without any identification of the person assaulted, *held* insufficient to serve as a warrant for either offense.

**5. Arrest and Bail § 6— warrant for resisting arrest — identification of officer by name**

The affidavit supporting an order of arrest for the offense of resisting arrest must identify by name the person alleged to have been resisted, delayed or obstructed, and describe his official character with sufficient certainty to show that he was a public officer within the purview of G.S. 14-223.

**6. Arrest and Bail § 6— warrant for resisting arrest — identification of officer as "the affiant"**

In a warrant for resisting arrest, use of the words "the affiant" in lieu of identifying by name the officer allegedly resisted is disapproved by the Court of Appeals.

**7. Arrest and Bail § 6— resisting arrest — highway patrolman as public officer**

A State highway patrolman is a public officer within the purview of G.S. 14-223. G.S. 20-188.

**8. Indictment and Warrant §§ 10, 14— accused incorrectly named in one place in affidavit — redundant allegation — motion to quash**

Where the name of the accused was correctly stated as "Dempsey Roy Powell" in three places in an affidavit for an arrest warrant, a subsequent statement in the affidavit naming the accused as "Dempsey Roy Smith" is a redundant allegation, and a motion to quash the warrant for such redundancy is addressed to the sound discretion of the trial judge. G.S. 15-153.

**9. Indictment and Warrant § 10— order of arrest — incorrect name for accused**

Portion of a warrant which erroneously orders the arrest of "Dempsey Roy Smith" rather than the person named in the affidavit, "Dempsey Roy Powell," does not meet the requirement that an arrest warrant be directed to a lawful officer commanding the arrest of the *accused*.

**10. Indictment and Warrant § 7— arrest warrant — order of arrest — affidavit**

An order of arrest and its supporting affidavit constitute the warrant and must be construed together.

**11. Arrest and Bail § 6; Indictment and Warrant §§ 10, 11— warrant for resisting arrest — failure to identify officer by name — incorrect name for accused in arrest order**

Warrant for resisting arrest is fatally defective where the officer allegedly resisted is not identified by name in the affidavit, and the order of arrest erroneously refers to defendant as "Dempsey Roy Smith" rather than by his correct name of "Dempsey Roy Powell."

---

State v. Powell

---

APPEAL by defendant from *Long, Superior Court Judge*, 31 August 1970 Session of Superior Court held in RANDOLPH County.

Defendant was tried upon an instrument purporting to be a warrant, the pertinent parts of which read as follows:

"R. L. Thompson, S.H.P., being duly sworn, complains and says, that at and in said County, and Asheboro Township on or about the 21st day of Aug., 1969, Dempsey Roy Powell, did unlawfully, wilfully resist, delay, and obstruct a duly qualified officer to-wit: this affiant, a N. C. State Highway Patrolman, while performing or attempting to perform a duty of his office, to-wit: while serving a warrant on the said Dempsey Roy Powell, for improper passing, he, the said Dempsey Roy Powell, refused to go with said officer after being place *(sic)* under arrest and grabbed warrant and started fighting said officer, said officer summoned help to place Dempsey Roy Smith *(sic)* under arrest, 2nd count; and Dempsey Roy Powell did on the above date unlawfully and wilfully assault one R. L. Thompson by striking him about the body with his fist, against the form of the Statute in such cases made and provided, and contrary to law and against the peace and dignity of the State.

Subscribed and sworn to
before me, this 15th day
of Sept., 1969                          R. L. Thompson
     R. G. Delk, J.P.

STATE OF NORTH CAROLINA
To Any Lawful Officer of Randolph County—GREETING:

You are commanded to arrest Dempsey Roy Smith *(sic)* and to safely keep, so that you have him before me at my office in said County, immediately, to answer the above complaint, and be dealt with as the law directs.

Given under my hand and seal this 15th day of Sept., 1969.

R. G. Delk, (J. P. SEAL)"

The evidence for the State tended to show that the witness R. L. Thompson (Thompson) was a State highway patrolman

on 21 August 1969. On that date Thompson, accompanied by another State highway patrolman, W. L. Smith (Smith), went to the home of Tiffany Troy Powell (Troy) with a warrant for the arrest of Dempsey Roy Powell (defendant) for improper passing. Thompson was in uniform at the time but Smith was in civilian clothing. The two patrolmen had been there earlier that day for the purpose of investigating the charge against the defendant (who had been operating a motorcycle) for improper passing of Smith who at the time was operating a private automobile. Thompson placed the defendant under arrest, and while he was reading the warrant to him, the defendant grabbed it out of the officer's hand, "wadded it up," and threw it on the ground. Then the defendant "jerked away" from Thompson, pushed him, and struck him on the shoulder. Thompson used mace on the defendant who ran. Thompson caught him and took him to jail.

The defendant did not offer any evidence. Tiffany Troy Powell, who was charged with an assault on the two officers and whose case was consolidated for trial with the defendant's case, without objection, did offer evidence. Troy's evidence tended to show that the defendant lived with him. The defendant ran when the officers came and received a broken arm while being arrested.

The jury returned a verdict of "guilty as charged," and from a judgment of imprisonment for a term of six months, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Trial Attorney Magner for the State.*

*Bell, Ogburn & Redding by J. Howard Redding for defendant appellant.*

MALLARD, Chief Judge.

Defendant contends in the first two assignments of error that the judge committed error in failing to allow his motion to quash the charges in the purported warrant. The motion was made "[b]efore evidence was introduced."

It appears from the record that at the 8 December 1969 Term of Recorder's Court of Randolph County, the defendant pleaded not guilty and was found guilty of assault on an officer

and resisting arrest. From the judgment imposed, he appealed to the superior court. No motion to quash the warrant appears in the record of the trial in the recorder's court. The record is silent at what stage of the proceedings in the superior court the motion to quash was made other than it was "[b]efore evidence was introduced on behalf of the State or the defendants."

[1]   In moving to amend the warrant in superior court, the solicitor stated as follows: "I would like to amend the warrant to refusing to submit to arrest." The motion was allowed, but the instrument itself was not amended. Defendant correctly contends that the allowance of a motion to amend a warrant is not self-executing. In 4 Strong, N. C. Index 2d, Indictment and Warrant, § 12, it is stated:

> "An order allowing an amendment it not self-executing, and when the amendments are not actually made pursuant to the order, the defects are not cured."

Thus we must construe the warrant as if no amendment had been allowed.

[2]   No grounds were stated by the defendant in superior court, and the trial judge made no inquiry, as to why the defendant contended the warrant should be quashed. In his brief defendant contends that the warrant "as amended" fails to charge the defendant with the offense of resisting arrest. This motion to quash was not made in apt time. In the case of *State v. St. Clair,* 246 N.C. 183, 97 S.E. 2d 840 (1957), Chief Justice Winborne said:

> "Decisions of this Court are uniform in holding that a motion to quash the warrant or bill of indictment, if made after plea of not guilty is entered, is addressed to the discretion of the trial court. The exercise of such discretion is not reviewable on appeal."

However, in the case of *State v. Matthews,* 270 N.C. 35, 153 S.E. 2d 791 (1967), Justice Bobbitt (now Chief Justice) said: "Whether the motion to quash *would be entertained when made for the first time in the superior court* was for determination by the trial judge in the exercise of his discretion." In the case before us Judge Long did not dismiss the motion for being improperly made but exercised his discretion and entertained the motion, and after consideration denied it. The exercise of such

discretion to rule on the motion is not reviewable on appeal. *State v. St. Clair, supra.* The ruling on the motion, however, is subject to review.

The question is neither presented nor decided whether upon the factual situation alleged in this case the attempted charge of assault is included in the offense of resisting arrest.

[3] Thompson testified on cross-examination by Mr. Bell, defendant's attorney:

"I believe, Mr. Bell, that when we tried Dempsey Roy Powell in Recorder's Court, and tried him for the citation, you stipulated that the warrant was lost. You stipulated that the warrant could not be found. There had been a warrant issued and we would try him and you would not object to trying him on the warrant that I had issued out of my citation book."

Even if the trial judge had made findings with respect to this so-called "stipulation," neither of the instruments in this case are sufficient to be treated as an information under the provisions of G.S. 15-140.

[4] There are two instruments purporting to be warrants in the record. One is "North Carolina Uniform Traffic Ticket 195061" and the other is the "warrant" quoted above. In the uniform traffic ticket the charge of resisting arrest is set forth by using only the two words "resist arrest." This is not sufficient to charge the offense. Also in this instrument the charge of assault is set forth by the use of the words "Assault On An Officer." The use of this language to identify the person assaulted is not sufficient to charge the offense of assault. In order to properly charge an assault, there must be a victim named, since by failing to name the particular person assaulted, the defendant would not be protected from a subsequent prosecution for assault upon a named person. *State v. Scott,* 237 N.C. 432, 75 S.E. 2d 154 (1953). A *valid* warrant "must charge the offense with sufficient certainty to apprise the defendant of the specific accusation against him so as to enable him to prepare his defense and to protect him from a subsequent prosecution for the same offense, and to enable the court to proceed to judgment." 4 Strong, N. C. Index 2d, Indictment and Warrant, § 9. The uniform traffic ticket appearing in the record does not properly charge any crime. *State v. Teasley,* 9 N.C. App. 477, 176 S.E.

2d 838 (1970). However, upon reading the charge of the court, it is made clear that the defendant was not tried upon the uniform traffic ticket but was tried upon the instrument purporting to be a warrant as hereinabove set out.

[5]    The prerequisites of the affidavit portion of a warrant properly charging the offense of resisting arrest are set forth in *State v. Wiggs,* 269 N.C. 507, 153 S.E. 2d 84 (1967) and *State v. Fenner,* 263 N.C. 694, 140 S.E. 2d 349 (1965). One of these prerequisites is that the affidavit upon which the order of arrest is based shall "identify *by name* the person alleged to have been resisted, delayed or obstructed, and describe his official character with sufficient certainty to show that he was a public officer within the purview of the statute." (Emphasis added.) In the affidavit of the instrument purporting to be a warrant upon which the defendant was tried, instead of using the *name* of Thompson, the identity of the officer is referred to as "this affiant."

[6, 7]    In preparing warrants and bills of indictment, the law, as enacted by the Legislature and as interpreted by the courts, should be followed. The instruments in this record indicate that scant heed has been paid to the rules relating to the proper preparation of warrants. We do not approve of the words "this affiant" being used in lieu of identifying the officer by name in the warrant; however, the warrant does show on its face that R. L. Thompson was the affiant. When acting as such, a State highway patrolman is a public officer within the purview of G.S. 14-223. See G.S. 20-188.

[8]    The name "Dempsey Roy Smith" appearing in the *affidavit* does not necessarily make the affidavit invalid because the allegation referring to "Dempsey Roy Smith" may be treated as a redundant allegation. A motion to quash for redundancy in the affidavit portion of a warrant upon which the order of arrest portion is based is addressed to the sound discretion of the trial judge. G.S. 15-153; *State v. Lea,* 203 N.C. 13, 164 S.E. 737 (1932) ; *State v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686 (1947).

Conceding but not deciding that the affidavit in the warrant upon which the defendant was tried was sufficient, a more serious question is presented when the order of arrest portion of the warrant is considered. In *State v. McGowan,* 243 N.C. 431, 90 S.E. 2d 703 (1956), Justice Higgins said:

"A valid warrant of arrest must be based on an examination of the complainant under oath. G.S. 15-19. It must identify the person charged. *Carson v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609. It must contain directly or by proper reference at least a defective statement of the crime charged. *S. v. Gupton,* 166 N.C. 257, 80 S.E. 989; *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470. It must be directed to a lawful officer or to a class of officers commanding the arrest of the accused. * * * "

See also *State v. Smith,* 262 N.C. 472, 137 S.E. 2d 819 (1964).

[9]   In the order of arrest portion of the purported warrant, the person ordered arrested was "Dempsey Roy Smith" and not the defendant, "Dempsey Roy Powell." The instrument, therefore, does not meet the requirement that it be directed to a lawful officer commanding the arrest of the *accused.* In the affidavit the accused is listed as Dempsey Roy Powell, but Dempsey Roy Smith is ordered to be arrested.

In *State v. Matthews, supra,* it is said:

"The order of arrest signed by 'R. F. Johnson, Desk Officer,' and the attached affidavit of C. G. Smith on which it is based, are to be read and considered as a single document and together constitute a warrant. *S. v. Gupton,* 166 N.C. 257, 80 S.E. 989; *Moser v. Fulk,* 237 N.C. 302, 74 S.E. 2d 729, and cases cited. Defects, if any, in the warrant affect its validity as a basis for a criminal prosecution on the charge set forth in the affidavit as well as its validity as a basis for a legal arrest. *S. v. Blackwell,* 246 N.C. 642, 99 S.E. 2d 867."

[10, 11]   The affidavit and the order of arrest together constitute the instrument purporting to be a warrant upon which this defendant was tried. The order of arrest and the affidavit must be construed together. *State v. Matthews, supra; Moser v. Fulk, supra.* While an affidavit similar to the one under consideration may be sufficient under some circumstances, we hold that the warrant in this case is fatally defective and void because of the combination of failing to identify the officer by name in the affidavit and failing to order the defendant arrested in the order of arrest. The trial judge committed error in denying the defendant's motions to quash. The verdict and judgment are

therefore vacated. This does not bar further prosecution of this defendant if the solicitor deems it advisable. *State v. Wilson,* 262 N.C. 419, 137 S.E. 2d 109 (1964) ; *State v. Jordan,* 247 N.C. 253, 100 S.E. 2d 497 (1957).

Defendant has other assignments of error, some of which have merit; but in view of the ruling herein, we do not deem it necessary to discuss them.

Reversed.

Judges PARKER and GRAHAM concur.