***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
Based upon all the credible and competent evidence presented in this case, the Full Commission makes the following:
 FINDINGS OF FACTS
1. Officer Carlisle brought a pair of small scissors to work. Plaintiff filed a complaint. The scissors were removed, as they were not allowed according to Department of Corrections Policy.
2. As a result of plaintiff's complaint, an investigation was conducted. During the investigation, plaintiff was asked if he were afraid of Officer Carlisle, and plaintiff stated that he was afraid of Officer Carlisle. Therefore, plaintiff was transferred to Unit Two by William H. Spence, unit manager, to lessen the chance or at least the frequency of contact with Officer Carlisle, as he was the only inmate who had stated that he was afraid of Officer Carlisle.
3. This transfer was made for plaintiff's benefit. However, the unit in which an inmate lives determines where he works. Therefore, after plaintiff moved, he was no longer permitted to work in the kitchen. He was assigned to the print plant where he earned sentence reduction credits and was paid Correction Enterprise wages. No evidence was presented at the hearing that plaintiff suffered a reduction in wages due to his reassignment to the print plant.
4. Although plaintiff alleges that Mr. William H. Spence, Unit Manager was negligent in transferring him to a different unit, plaintiff was transferred for his own benefit. Plaintiff did not prove any negligence on the part of any state employee.
 ***********
Based on the foregoing Findings of Facts, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the defendant agency. N.C. Gen. Stat. § 143-291 et seq; Ayscue v. Highway Commission,270 N.C. 100, 153 S.E.2d 792 (1989).
2. Plaintiff's claim is denied as there is no evidence of negligence, nor is there any evidence of damages suffered by plaintiff. N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 21st day of April 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER