STATE OF NORTH CAROLINA v. DELMAR F. WHITE

No. 8115SC1326

(Filed 3 August 1982)

**Physicians, Surgeons and Allied Professions § 2; Statutes § 4.1— statutes regulating practice of pharmacy—constitutional**

Construing G.S. 90-72 and 90-73 *in pari materia* with G.S. 90-71 and considering the administrative regulations adopted by the Board of Pharmacy pursuant to the authority granted by G.S. 90-57, the terms "drug" and "medicine" in G.S. 90-72 and 90-73 do not have their broad, popularly accepted meanings. The statutes deal with the practice of pharmacy, and the State may regulate the practice of pharmacy in the interest of the public health, safety and welfare; therefore, these statutes do not invade any area of constitutionally protected freedom, and the doctrine of overbreadth has no application to them. Further, these statutes give a person of ordinary intelligence fair notice of what is forbidden by them, and provided sufficient notice for a defendant who was charged with conducting a business for the purpose of selling drugs at retail and dispensing a prescription drug to determine whether his conduct in each case was proscribed.

APPEAL by the State from *McLelland, Judge.* Judgment entered 13 July 1981 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 26 May 1982.

Defendant was charged with five counts of conducting a business for the purpose of selling drugs at retail, the defendant not being licensed as a pharmacist, in violation of G.S. 90-73. Defendant was charged with one count of dispensing a prescription drug, the defendant not being licensed as a pharmacist, in violation of G.S. 90-72. Defendant was convicted of all charges in district court. He appealed to superior court where he moved to dismiss the charges on grounds that the two statutes involved are unconstitutional. A hearing was held, and an order was entered finding facts and concluding that G.S. 90-72 and 90-73 are unconstitutionally vague and overbroad. The superior court dismissed all charges, and the State appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*William V. McPherson, Jr. for defendant appellee.*

*Bailey, Dixon, Wooten, McDonald and Fountain, by Kenneth Wooten and Gary S. Parsons, for Amicus Curiae North Carolina Board of Pharmacy.*

WEBB, Judge.

The principles governing the interpretation of statutes challenged as unconstitutional are well established. There is a presumption in favor of constitutionality. *State v. Hales*, 256 N.C. 27, 122 S.E. 2d 768 (1961). When the constitutionality of a statute is challenged, every presumption will be indulged in favor of its validity. *State v. Matthews*, 270 N.C. 35, 153 S.E. 2d 791 (1967). The unconstitutionality of the statute must appear clearly. *State v. Anderson*, 275 N.C. 168, 166 S.E. 2d 49 (1969). If the statute is susceptible of two interpretations, one constitutional and the other unconstitutional, the former will be adopted. *State v. Frinks*, 284 N.C. 472, 201 S.E. 2d 858 (1974). It is also well established that when a statute is unclear in its meaning, the courts will interpret the statute to give effect to the legislative intent. *In re Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978). The legislative intent will be ascertained by such *indicia* as

> " 'the purposes appearing from the statute taken as a whole, the phraseology, the words ordinary or technical, the law as it prevailed before the statute, the mischief to be remedied, the remedy, the end to be accomplished, statutes *in pari materia*, the preamble, the title, and other like means . . . .' "

*Id.* at 239, 244 S.E. 2d at 389, *quoting State v. Partlow*, 91 N.C. 550 (1884).

The statutes involved in this case read as follows:

"§ 90-72. Compounding prescriptions without license.

> If any person, not being licensed as a pharmacist or assistant pharmacist, shall compound, dispense, or sell at retail any drug, medicine, poison, or pharmaceutical preparation, either upon a physician's prescription or otherwise, and if any person being the owner or manager of a drugstore, pharmacy, or other place of business, shall cause or permit anyone not licensed as a pharmacist or assistant pharmacist to dispense, sell at retail, or compound any drug, medicine, poison, or physician's prescription contrary to the provisions of this Article, he shall be deemed guilty of a misdemeanor, and fined not less than twenty-five ($25.00) nor more than one hundred dollars ($100.00).

§ 90-73. Conducting pharmacy without license.

If any person, not being licensed as a pharmacist, shall conduct or manage any drugstore, pharmacy, or other place of business for the compounding, dispensing, or sale at retail of any drugs, medicines, or poisons, or for the compounding of physicians' prescriptions contrary to the provisions of this Article, he shall be deemed guilty of a misdemeanor, and be fined not less than twenty-five ($25.00) nor more than one hundred dollars ($100.00), and each week such drugstore or pharmacy or other place of business is so unlawfully conducted shall be held to constitute a separate and distinct offense."

The trial court found that neither statute defined the terms "drug" or "medicine" and that if these terms are given their popularly accepted definitions, the statutes would embrace conduct which is commonly regarded as lawful and which was not intended to be made criminal. We do not believe that these statutes, when properly interpreted, give the terms "drug" and "medicine" their broad, popularly accepted meanings.

The statutes involved are from the statutory provisions regulating the practice of pharmacy in this State. G.S. 90-53 *et seq.* G.S. 90-71 provides in part as follows:

"It shall be unlawful for any person not licensed as a pharmacist or assistant pharmacist within the meaning of this Article to conduct or manage any pharmacy, drug or chemical store, apothecary shop or other place of business for the retailing, compounding, or dispensing of any drugs, chemicals, or poison, or for the compounding of physicians' prescriptions, or to keep exposed for sale at retail any drugs, chemicals, or poison, except as hereinafter provided, or for any person not licensed as a pharmacist within the meaning of this Article to compound, dispense, or sell at retail any drug, chemical, poison, or pharmaceutical preparation upon the prescription of a physician or otherwise, or to compound physicians' prescriptions except as an aid to and under the immediate supervision of a person licensed as a pharmacist or assistant pharmacist under this Article . . . .

Nothing in this section shall be construed to interfere with . . . the selling at retail of nonpoisonous domestic

remedies, nor with the sale of patent or proprietary prepara-
tions which do not contain poisonous ingredients . . . ."

G.S. 90-71 involves the same subject matter as G.S. 90-72 and
90-73. G.S. 90-71 provides that certain proscribed conduct shall be
unlawful, and G.S. 90-72 and 90-73 provide that the proscribed
conduct shall be misdemeanors subject to specified punishment.
*See Board of Pharmacy v. Lane*, 248 N.C. 134, 141, 102 S.E. 2d
832, 837-38 (1958). The three statutes are to be construed *in pari
materia. Id.* When so construed, the limitations specified in G.S.
90-71 are to be read into G.S. 90-72 and 90-73. Thus, these latter
statutes do not proscribe either the selling at retail of non-
poisonous domestic remedies or the selling of patent or pro-
prietary preparations which do not contain poisonous ingredients.

Our construction of these statutes finds support in the ad-
ministrative regulations adopted by the Board of Pharmacy pur-
suant to the authority granted by G.S. 90-57. These regulations
are not controlling authority, *Duke Power Co. v. Commissioner of
Revenue*, 274 N.C. 505, 164 S.E. 2d 289 (1968); however, they are
evidence of what the statutes mean and may be considered when
an issue of statutory construction arises, *Commissioner of In-
surance v. Automobile Rate Office*, 294 N.C. 60, 241 S.E. 2d 324
(1978); *MacPherson v. City of Asheville*, 283 N.C. 299, 196 S.E. 2d
200 (1973). The Board has adopted a broad definition of the term
"drug." 21 NCAC 46 .0203. However, the Board has also defined
the terms "nonpoisonous domestic remedies" and "patent or pro-
prietary preparation." Nonpoisonous domestic remedies are de-
fined to include "those drugs and preparations specified in
General Statutes Section 90-71, and aspirin tablets, iodine tinc-
ture USP, and milk of magnesia, except that it shall not mean any
of these of which the sale by a general merchant is otherwise pro-
hibited by law." 21 NCAC 46 .0205. Patent or proprietary
preparation is defined as

> "a medicinal preparation which is intended for use in the
> cure, mitigation, treatment, or prevention of disease in man
> or other animal pursuant to self-diagnosis; when the same is
> identified by and sold under a trademark, trade name, or
> other trade symbol, privately owned or registered with the
> United States Patent Office; which preparation is sold in the
> original and unopened package of the manufacturer or pri-

mary distributor; which preparation in itself is not poisonous as defined in .0204 of this Section; which preparation is sold or offered for sale and is advertised for sale to the general public by the manufacturer or primary distributor; which preparation meets all of the requirements of the Federal Food, Drug and Cosmetic Act and the North Carolina Food, Drug and Cosmetic Act, and regulations promulgated under either of these; and the labeling of which preparation does not contain the legend, 'Caution: Federal Law prohibits dispensing without prescription' or any other legend or statement of like import."

21 NCAC 46 .0206. Poison is defined as "any substance which, when introduced into the body by any route of administration in an amount of 5 Gm. or 5 cc or less, or when acting locally, causes as the usual effect in a normal healthy adult serious injury to tissue, marked disturbances in bodily functions, or destruction of life." 21 NCAC 46 .0204.

Construing G.S. 90-72 and 90-73 *in pari materia* with G.S. 90-71 and considering the administrative regulations quoted above, we conclude that the terms "drug" and "medicine" in G.S. 90-72 and 90-73 do not have their broad, popularly accepted meanings. With our construction of G.S. 90-72 and 90-73 in mind, we turn to the constitutional challenges posed by defendant. Defendant argues that these statutes are unconstitutional as overbroad and vague.

"[T]he overbreadth doctrine is a separate principle devised to strike down statutes which attempt to regulate activity which the State is constitutionally forbidden to regulate . . . ." *State v. Banks,* 295 N.C. 399, 405, 245 S.E. 2d 743, 748 (1978). As stated in *NAACP v. Alabama,* 377 U.S. 288, 307, 84 S.Ct. 1302, 1314, 12 L.Ed. 2d 325, 338 (1964), "a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." Defendant argues that the present statutes are overbroad since they include such "over-the-counter" drugs as headache and cold remedies that are commonly sold by general merchants. We disagree. The present statutes, as interpreted by us above, do not include such sales. The statutes deal with the practice of pharmacy, and the State

may regulate the practice of pharmacy in the interest of the public health, safety and welfare. *Board of Pharmacy v. Lane, supra.* Since these statutes do not invade any area of constitutionally protected freedom, the doctrine of overbreadth has no application to them.

"Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. (Citation omitted.)" *United States v. National Dairy Products Corp.,* 372 U.S. 29, 32-33, 83 S.Ct. 594, 598, 9 L.Ed. 2d 561, 565 (1963). The standard is whether the statutory language gives a person of ordinary intelligence fair notice of what is forbidden by the statute. *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *In re Banks, supra.* A statute which does not involve First Amendment freedoms must be examined in light of the facts of the particular case when challenged as unconstitutionally vague. *United States v. Mazurie,* 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed. 2d 706 (1975); *United States v. National Dairy Products Corp., supra.* The statute is not to be weighed in the delicate scales required where First Amendment freedoms are at stake. *In re Wilkins,* 294 N.C. 528, 242 S.E. 2d 829 (1978). The record in the present case indicates the nature of the conduct for which defendant was charged. It indicates, for example, that on one occasion the defendant sold a prescription drug and that on another occasion he added a liquid to a bottle of cough syrup and sold the bottle. We conclude that G.S. 90-72 and 90-73 provided sufficient notice for the defendant to determine whether his conduct in each case was proscribed. It may be that some of the charges against the defendant will not stand up at trial. However, such will entitle the defendant to a dismissal as to those charges, not a declaration that the statutes are unconstitutionally vague.

Reversed and remanded.

Judges CLARK and WHICHARD concur.