CAROLINA TRUCK & BODY COMPANY, INC., PETITIONER-APPELLANT v.
GENERAL MOTORS CORPORATION, RESPONDENT-APPELLEE

No. 9028SC884

(Filed 19 March 1991)

**Automobiles and Other Vehicles § 179 (NCI4th)— heavy truck
franchise—cancellation—good faith and good cause**

> The trial court did not err by concluding that the Commis-
> sioner of Motor Vehicles correctly determined that the ter-
> mination of petitioner's heavy duty truck franchise was for
> good cause and was undertaken in good faith where respondent
> suffered a decline in its share of the heavy duty truck market,
> notified petitioner and all of its heavy duty franchise dealers
> as early as 7 November 1986 that the Heavy Duty Addendum
> to the franchises would be canceled no later than 31 December
> 1987 and conclusively notified petitioner of such cancellation
> on 23 December 1986, petitioner actively sought a joint ven-
> ture franchise from the new Volvo GM joint venture, and
> petitioner was informed that it would not receive such fran-
> chise. N.C.G.S. § 20-305(6), interpreted *in para materia*, provides
> that a manufacturer may cancel a franchise if discontinuing
> the sale of the product line and the discontinuance is for good
> cause; the Legislature could not conceivably have enacted a
> statute prohibiting a manufacturer from canceling a franchise
> agreement if the manufacturer determined to stop manufactur-
> ing that product because it was unprofitable. There was ample
> evidence in the record of respondent's loss of profits in the
> heavy duty truck market and the record is replete with evidence
> of respondent's good faith in canceling its heavy duty truck
> franchise with petitioner.

> **Am Jur 2d, Automobiles and Highway Traffic § 152; Private
> Franchise Contracts §§ 572, 573.**

> **Validity, construction, and application of state statutes
> regulating dealings between manufacturers, dealers, and fran-
> chisees. 82 ALR4th 624.**

APPEAL by petitioner from judgment entered 7 June 1990
by *Judge Robert D. Lewis* in BUNCOMBE County Superior Court.
Heard in the Court of Appeals 14 January 1991.

CAROLINA TRUCK & BODY CO. v. GENERAL MOTORS CORP.

[102 N.C. App. 262 (1991)]

On 21 April 1987, petitioner filed this action before the North Carolina Commissioner of Motor Vehicles alleging that respondent "wrongfully and unfairly" terminated petitioner's heavy duty truck franchise in violation of N.C. Gen. Stat. § 20-305.

On 26 September 1988, the matter was heard by Robert A. Pruett, Hearing Officer for the Division of Motor Vehicles. The Administrative Hearing concluded on 28 September 1988. By order dated 20 March 1989, the Commissioner issued its findings of fact and conclusions of law in respondent's favor. Petitioner appealed for judicial review of Conclusions of Law numbers 2, 3 and 4. In a companion case, respondent appealed Conclusion of Law number 1 that the termination of a Heavy Duty Addendum (to a franchise) constitutes the termination of a franchise under North Carolina law. This conclusion of law effectively established that the trial court had jurisdiction to proceed with the issues in the present case and therefore must be determined before proceeding with the issues before us. Judge F. Gordon Battle affirmed the conclusion in the companion case, which determination is now on appeal by General Motors Corporation and before this Court as No. 9010SC692. For the purposes of the appeal in the present case, we must proceed on the assumption that the heavy duty addendum was, in fact, a franchise agreement.

On 30 April 1990, oral arguments were heard by Judge Lewis in the present matter. On 7 June 1990, the trial court entered its judgment and concluded "that the Commissioner correctly determined that the termination of [petitioner's] Heavy Duty Addendum was for good cause and undertaken in good faith."

From this judgment, petitioner appeals.

*Roberts Stevens & Cogburn, P.A., by Frank P. Graham and W.O. Brazil, III, for petitioner-appellant.*

*Poyner & Spruill, by Cecil W. Harrison, Jr. and Laura Broughton Russell, for respondent-appellee.*

ORR, Judge.

Petitioner argues two errors on appeal. For the following reasons, we affirm the trial court's judgment of 7 June 1990.

The following facts are pertinent to this case on appeal. Petitioner and respondent entered into a renewal contract in 1975

entitling petitioner to sell heavy duty trucks manufactured by respondent. From 1950 until that time, petitioner had been a General Motors franchisee, selling light and medium duty GMC trucks.

On 1 November 1985, petitioner and respondent entered into a renewal heavy duty franchise agreement (heavy duty addendum), which had a term of five years to and including 31 October 1990. The heavy duty addendum, which is the subject of this appeal, gave petitioner the nonexclusive right to purchase and sell new heavy duty truck motor vehicles marketed by GMC Truck & Coach Operation of General Motors Corporation. The addendum also stated that it would remain in effect "unless cancelled."

In August 1985, due to an economic decline in its share of the heavy duty truck market during the 1980's, respondent and Volvo Truck Corporation (hereinafter Volvo) met to consider forming a joint venture in the area of heavy duty truck manufacturing. Respondent notified petitioner, as well as all of its heavy duty franchise dealers, as early as 7 November 1986, that the heavy duty addendum would be cancelled no later than 31 December 1987. Respondent conclusively notified petitioner of such cancellation on 23 December 1986, that its heavy duty truck addendum would be cancelled on 31 December 1987 due to its plans to cease manufacturing heavy duty trucks.

Petitioner actively sought a joint venture franchise from Volvo GM (the new joint venture) for heavy duty trucks and was informed on 10 March 1987 that it would not receive such franchise. Petitioner does not contest any findings of fact, including those stating that respondent had no role in the daily operation of Volvo GM and had no control over any of Volvo GM's decisions relating to its dealers.

On 31 December 1987, respondent stopped marketing all of its heavy duty truck models and no longer shipped these models to any of its dealers nationwide. All heavy duty addenda were cancelled as of that date.

Petitioner's assignments of error concern whether the trial court erred in affirming the Commissioner's conclusions of law that respondent's actions in discontinuing its heavy duty truck models and cancelling petitioner's heavy duty truck addendum (franchise) complied with N.C. Gen. Stat. § 20-305. Petitioner maintains that these actions do not comply with the statute because such actions

CAROLINA TRUCK & BODY CO. v. GENERAL MOTORS CORP.

[102 N.C. App. 262 (1991)]

were not supported by good cause and were not undertaken in good faith. We disagree.

The standard of review for this Court of a decision by the Commissioner of Motor Vehicles is governed by N.C. Gen. Stat. § 150A-51 (recodified as § 150B-51). N.C. Gen. Stat. § 20-300 (1983). *General Motors Corp. v. Kinlaw*, 78 N.C. App. 521, 338 S.E.2d 114 (1985). Under § 150B-51, this Court must consider the entire record as submitted and determine whether the administrative decision is supported by substantial evidence. This is commonly referred to as the "whole record" test. *White v. N.C. Bd. of Examiners of Practicing Psychologists*, 97 N.C. App. 144, 153, 388 S.E.2d 148, 154, *appeal dismissed and disc. review denied*, 326 N.C. 601, 393 S.E.2d 891 (1990) (citation omitted). The court is not permitted to replace the administrative agency's decision when there are two reasonably conflicting views, although this Court may have reached a different decision on a *de novo* review. *Id.* at 154, 388 S.E.2d at 154. "Substantial evidence has been defined as more than a scintilla or a permissible inference; it is relevant evidence which is adequate to support a conclusion." *Id.* (citation omitted).

The conclusions of law to which petitioner assigns error are:

2. GMC's withdrawal from the heavy duty truck business on a nationwide basis was a reasonable and justifiable business decision and was implemented in a nondiscriminatory manner. Under such circumstances, the termination of Carolina Truck's heavy duty addendum was for good cause in compliance with G.S. 20-305(6).

3. All actions of GMC in connection with its withdrawal from the heavy duty truck business were undertaken in good faith, i.e., were honest in fact and were done with the observation of reasonable commercial standards of fair dealing in trade. Under such circumstances, the termination of Carolina Truck's heavy duty addendum was undertaken in good faith as required by G.S. 20-305(6).

4. GMC withdrawal from the heavy duty truck business was in all respects in conformity with the requirements of the Motor Vehicle Dealers and Manufacturers Licensing Law (G.S. 20-285 *et seq.*).

CAROLINA TRUCK & BODY CO. v. GENERAL MOTORS CORP.

[102 N.C. App. 262 (1991)]

In the companion case, *Carolina Truck & Body Company, Inc. v. General Motors Corporation*, which is presently on appeal before this Court as case No. 9010SC692 (filed 19 March 1991), respondent assigns error to conclusion of law number 1.

1. The Heavy Duty Truck Addenda to the Sales and Service Agreement entered into by GMC and Carolina Truck is a franchise as defined in North Carolina General Statute 20-286(a).

For purposes of this appeal, we must assume that conclusion of law number 1 is correct in that the heavy duty truck addenda is a franchise defined by statute.

We shall now address whether the termination of this addendum was for good cause and in good faith pursuant to N.C. Gen. Stat. § 20-305(6).

Under this statute, it is unlawful for any manufacturer to cancel a franchise agreement except for good cause or in good faith. In pertinent part, the statute states:

Notwithstanding the terms, provisions or conditions of any franchise or notwithstanding the terms or provisions of any waiver, to terminate, cancel or fail to renew any franchise with a licensed new motor vehicle dealer unless the manufacturer has: satisfied the notice requirements of subparagraph c.; and the Commissioner has determined, if requested in writing by the dealer *within the time period specified in G.S. 20-305(6)c1II, III or IV, as applicable*, and after a hearing on the matter, that there is good cause for the termination, cancellation, or nonrenewal of the franchise and the manufacturer has acted in good faith as defined in this act regarding the termination, . . . .

a. Notwithstanding the terms, provisions or conditions of any franchise or the terms or provisions of any waiver, good cause shall exist for the purposes of a termination, cancellation, or renewal when:

1. There is a failure by the new motor vehicle dealer to comply with a provision of the franchise which provision is both reasonable and of material significance to the franchise relationship provided that the dealer has been notified in writing of the failure within 180 days after the manufacturer first acquired knowledge of such failure;

CAROLINA TRUCK & BODY CO. v. GENERAL MOTORS CORP.

[102 N.C. App. 262 (1991)]

2. If the failure . . . defined in 1 above, relates to the performance of the new motor vehicle dealer in sales or service, then good cause shall be defined as the failure of the new motor vehicle dealer to comply with reasonable performance criteria established by the manufacturer if the new motor vehicle dealer was apprised by the manufacturer in writing of such failure; . . . .

N.C. Gen. Stat. § 20-305(6) (1983) (emphasis added).

Viewing the above statutory language, standing alone, it appears that respondent did not have good cause under the statute to terminate petitioner's heavy duty truck franchise in that respondent terminated the franchise because it discontinued the manufacture and sale of the product. However, under subsection (6)c, which is referred to in the above statutory language:

Notification of Termination, Cancellation and Nonrenewal.

1. Notwithstanding the terms, provisions or conditions of any franchise prior to the termination, cancellation or nonrenewal of any franchise, the manufacturer shall furnish notification of such termination, cancellation or nonrenewal to the new motor vehicle dealer as follows:

. . . .

IV. Not less than 180 days prior to the effective date of such termination or cancellation where the manufacturer or distributor is discontinuing the sale of the product line.

N.C. Gen. Stat. § 20-305(6)c.1.IV. (1983). This portion of § 20-305 implies that a manufacturer may cancel a franchise if discontinuing the sale of the product line, which is exactly what respondent did in the present case.

It is well-settled law in this state that when the language of a statute is unclear or ambiguous, a court may interpret the language of the statute in accordance with what the court presumed the Legislature intended. *State v. White*, 58 N.C. App. 558, 294 S.E.2d 1 (1982). Moreover, "statutes relating to the same subject should be construed *in para materia*, in such a way as to give effect, if possible, to all provisions without destroying the meaning of the statutes involved." *Whittington v. N.C. Dept. of Human Resources*, 100 N.C. App. 603, 606, 398 S.E.2d 40, 42 (1990) (citation omitted).

With these general principles in mind, we find that the statute, interpreted *in para materia*, provides that a manufacturer may cancel a franchise if discontinuing the sale of the product line and that this action is for "good cause." We cannot conceive that the Legislature would enact a statute prohibiting a manufacturer from cancelling a franchise agreement if it determined to stop manufacturing that product because it was unprofitable. Further, we do not believe that the Legislature intended that a franchise agreement could be cancelled for "good cause" only when the dealer did some affirmative act which would give the manufacturer "good cause" to cancel the franchise. Clearly, the Legislature does not require a manufacturer to continue on a road to certain bankruptcy by requiring the manufacturer to continue to make and sell unprofitable models of cars or trucks.

Having established that cancellation of a franchise if discontinuing a product line is a "good cause" under the statute, we further find that the evidence on this issue supports the trial court's findings of fact and conclusions of law. There is ample evidence in the record before us of respondent's loss of profits in the heavy duty truck market during the period in question, and the trial court made specific findings of fact to this effect in findings numbers 12 through 17. In findings numbers 26 through 29, the trial court found that respondent was discontinuing its product line in the heavy duty truck market as it applied to all of its dealers.

Moreover, we hold that the trial court did not err in concluding that respondent's withdrawal from the heavy duty truck market was in good faith as required by § 20-305(6). Good faith is defined in § 20-286(8b) as "honest in fact and the observation of reasonable commercial standards of fair dealing in the trade as defined and interpreted in G.S. 25-2-103(1)(b)."

The record before us is replete with evidence of respondent's good faith in cancelling its heavy duty truck franchises with petitioner. Respondent gave petitioner at least a year's notice concerning the likelihood of cancellation; respondent treated petitioner no differently than it did any of its other heavy duty truck franchisees; and more importantly, there is no evidence of dishonesty by respondent in this matter. The evidence of record supports findings of fact numbers 20 through 26 and 32 through 38, which support the trial court's conclusion of law on this issue.

Therefore, for the above reasons, we find that the trial court did not err and affirm its judgment of 7 June 1990.

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.