AUSTIN BRADSHAW, PETITIONER-APPELLEE v. ADMINISTRATIVE OFFICE OF THE COURTS AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS-APPELLANTS

No. 8627SC385

(Filed 4 November 1986)

**Master and Servant § 101— unemployment compensation—eligibility of magistrate**

A magistrate is not a "member of the judiciary" pursuant to N.C.G.S. § 96-8(6)i so as to make him ineligible for unemployment insurance benefits.

APPEAL by respondents from *Snepp, Judge*. Order issued 4 February 1986 in Superior Court, LINCOLN County. Heard in the Court of Appeals 24 September 1986.

Claimant, Austin Bradshaw, served as a magistrate in Lincolnton for a period of twelve years. After that time, he was not reappointed to another term. Bradshaw filed a claim for unemployment insurance benefits, but his claim was denied. He then filed a protest to that determination.

After an evidentiary hearing on the matter, a special deputy commissioner for the Employment Security Commission held claimant to be an exempt employee within the meaning of the Employment Security Law. The Chief Deputy Commissioner issued an order upholding this ruling. Claimant appealed to the superior court of Lincoln County.

On appeal the superior court issued an order reversing the decision of the Commission. From the decision of the superior court, the Employment Security Commission and the Administrative Office of the Courts now appeal.

*C. Coleman Billingsley, Jr., attorney for appellant Employment Security Commission of North Carolina.*

*Douglas Johnston, attorney for appellant Administrative Office of the Courts.*

*No brief filed for petitioner appellee.*

ORR, Judge.

The single issue before the Court in this case is whether a magistrate is a "member of the judiciary" pursuant to N.C. Gen. Stat. 96-8(6)i (1985) such that he is ineligible for unemployment insurance benefits. We hold that a magistrate is not a "member of the judiciary" for the purpose of determining unemployment insurance eligibility.

The applicable statute in this case provides:

On and after January 1, 1978, the term "employment" includes services performed for any State and local governmental employing unit. Provided, however, that employment shall not include service performed (a) as an elected official; (b) as

a member of a legislative body or a member of the judiciary, of a State or political subdivision thereof; . . . .

G.S. 96-8(6)i. This statute was enacted by the North Carolina General Assembly following amendments to the Federal Unemployment Tax Act which, in general, required states to provide unemployment compensation coverage to all employees of state and local governments. Senate Report No. 94-1265, Pub. L. No. 94-566, 1976 U.S. Code Cong. & Ad. News 5, p. 5997-98.

In defining the scope of the coverage exemption for "members of the judiciary," respondents would have this Court look to the similarity in job function between magistrates and judges. We believe, however, that this approach fails to comport with the declared purpose of North Carolina's Employment Security Law and the history behind the enactment of G.S. 96-8(6)i.

The North Carolina Employment Security Law states that its underlying purpose is to provide for protection from involuntary unemployment. N.C. Gen. Stat. 96-2 (1985). This policy declaration has been interpreted as calling for strict construction of those sections in the Act which impose disqualifications for its benefits. *In re Watson*, 273 N.C. 629, 639, 161 S.E. 2d 1, 10 (1968). Thus, at the outset, we must narrowly interpret the phrase, "member of the judiciary," in order to effectuate State legislative intent.

Additionally, an underlying purpose of the 1976 Federal Unemployment Tax Act amendments was to require states to provide their employees with unemployment insurance coverage. Pub. L. 94-566, 1976 U.S. Code Cong. & Ad. News 5. Because North Carolina's judiciary exemption is a product of this federal legislation, it must also be construed to effectuate the federal legislative intent that states provide their employees with unemployment insurance.

Despite any similarity in function between judges and magistrates, the employment status of magistrates more closely resembles that of other state employees than judges. Magistrates are appointed. N.C. Gen. Stat. 7A-171 (1981). Judges, on the other hand, are elected. N.C. Gen. Stat. 7A-10 (1981) (Supreme Court justices); *id.* at 7A-16 (Court of Appeals judges); N.C. Const. Art. IV, Sec. 9(1) (superior court judges); and N.C. Gen. Stat. 7A-140 (1981) (district court judges). Additionally, magistrates are consid-

ered state employees for the purpose of determining retirement benefit eligibility while judges are placed under the Uniform Judicial Retirement System. *See* N.C. Gen. Stat. 135-1(10) and 135-55 (Supp. 1985). For the reasons set forth, we hold that magistrates are not "members of the judiciary" for determining unemployment benefit eligibility.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.