AUSTIN BRADSHAW v. ADMINISTRATIVE OFFICE OF THE COURTS AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 699PA86

(Filed 7 July 1987)

**Master and Servant § 101— unemployment compensation—ineligibility of magistrate**

A magistrate is a "member of the judiciary" within the meaning of N.C.G.S. § 96-8(6)i so as to be excluded from unemployment insurance benefits since constitutional and statutory provisions make magistrates officers of the District Court, and magistrates perform certain judicial functions. Art. IV, §§ 2 and 20 of the N.C. Constitution; N.C.G.S. § 7A-170.

Justice WHICHARD dissenting.

Justice MEYER joins in this dissenting opinion.

ON discretionary review of a decision of the Court of Appeals, 83 N.C. App. 237, 349 S.E. 2d 621 (1986), which found no error in the judgment entered by *Snepp, J.*, on 4 February 1986 in Superior Court, LINCOLN County. Presented before the Supreme Court on 9 June 1987 for decision upon written brief without oral

arguments according to Rule 30(d) of the North Carolina Rules of Appellate Procedure.

*Douglas Johnston for respondent appellant Administrative Office of the Courts.*

*C. Coleman Billingsley, Jr. for respondent appellant Employment Security Commission of North Carolina.*

*No counsel contra.*

MITCHELL, Justice.

The only issue before us is whether a magistrate is a "member of the judiciary" within the meaning of N.C.G.S. § 96-8(6)i so as to be excluded from benefits under the North Carolina Employment Security Law. We hold that a magistrate is a member of the judiciary for such purpose and, accordingly, reverse the decision of the Court of Appeals. We emphasize that we are not called upon to decide, and do not decide, the status of magistrates for any other purpose.

The claimant, Austin Bradshaw, served as a magistrate in Lincoln County for a period of twelve years, which ended on 31 December 1984. At that time, he was not reappointed to another term. He then filed a claim for unemployment benefits, but his claim was denied. He filed a protest to that determination.

After an evidentiary hearing was held on the matter, a Special Deputy Commissioner of the Employment Security Commission held that the claimant was an exempt employee within the meaning of the Employment Security Law and was therefore not eligible to receive unemployment benefits. The claimant appealed the decision to the Chief Deputy Commissioner, who issued an order upholding the ruling. The claimant then appealed to the Superior Court.

On 4 February 1986, the Superior Court issued an order reversing the decision of the Employment Security Commission. The Court of Appeals found "no error" in the Superior Court's order.

The respondents argue that the Court of Appeals erred, and that magistrates are members of the judiciary who are therefore not entitled to unemployment benefits. Chapter 96 of the General

Statutes, entitled the "Employment Security Law," provides unemployment insurance benefits for the protection of workers from the effects of involuntary unemployment. N.C.G.S. § 96-8(6)i exempts from the term "employment" — and thereby excludes from unemployment insurance benefits — "members of the judiciary." That statute provides, in pertinent part, as follows:

> On and after January 1, 1978, the term "employment" includes service performed for any State and local governmental employing unit. Provided, however, that employment shall not include service performed (a) as an elected official; (b) as a member of a legislative body or a *member of the judiciary,* of a State or political subdivision thereof . . . .

N.C.G.S. § 96-8(6)i (1985) (emphasis added). We conclude that this section does include magistrates as members of the judiciary. As a result it excludes them from unemployment insurance benefits.

Article IV, section 2 of the Constitution of North Carolina provides the following:

> The General Court of Justice shall constitute a unified judicial system for purposes of jurisdiction, operation, and administration, and shall consist of an Appellate Division, a Superior Court Division, and a District Court Division.

Further, article IV, section 10 specifically provides that "[m]agistrates . . . shall be officers of the District Court." Likewise, N.C.G.S. § 7A-170 provides that a magistrate is an officer of the district court. Because magistrates are officers of the District Court which is one part of a "unified judicial system," magistrates are judicial officers.

This Court, as well as the Supreme Court of the United States has recognized that magistrates perform certain functions that may be performed only by independent judicial officers. *E.g., North v. Russell,* 427 U.S. 328, 49 L.Ed. 2d 534 (1976); *State v. Matthews,* 270 N.C. 35, 153 S.E. 2d 791 (1967). Our legislature has prescribed by statute many of the functions performed by magistrates, most of which require such independent judgment by a judicial officer. *See* N.C.G.S. §§ 7A-211, 7A-211.1, 7A-273, 7A-292. For example, any magistrate has the power to issue arrest warrants valid throughout the State. N.C.G.S. § 7A-273(3). This Court has held that "[t]he issuance of a warrant of arrest is a judicial

act." *State v. Matthews,* 270 N.C. at 39, 153 S.E. 2d at 795 (quoting *State v. McGowan,* 243 N.C. 431, 90 S.E. 2d 703 (1956)). Further, "[t]hat the exercise of judicial power is prerequisite to the issuance of a valid warrant is emphasized in decisions of the Supreme Court of the United States interpreting the Fourth Amendment to the Constitution of the United States." *State v. Matthews,* 270 N.C. at 39, 153 S.E. 2d at 795.

The Court of Appeals in this case concluded that the employment status of magistrates more closely resembles that of other state employees than judges, citing the fact that magistrates are appointed. We disagree with this reasoning. We note, for instance, that in some circumstances judges may be appointed. Article IV, section 9 of the Constitution of North Carolina allows the General Assembly to provide by general law for the selection or appointment of special or emergency Superior Court judges.

The Court of Appeals further stated that because the underlying purpose of the North Carolina Employment Security Law is protection from involuntary unemployment, strict construction is mandated of those sections which impose disqualification for its benefits. We find, however, that it is not necessary to apply such rules of statutory construction in the present case, because the language of N.C.G.S. § 96-8(6)i is not ambiguous or vague.

We hold that the Constitution of North Carolina, our statutes and our case law, by referring to magistrates as officers of the court and bestowing upon them judicial powers, clearly contemplate their performance as members of the judiciary within the meaning of our Employment Security Law.

For the foregoing reasons, the decision of the Court of Appeals is reversed.

Reversed.

Justice WHICHARD dissenting.

The majority hinges its interpretation of the phrase "members of the judiciary," as used in N.C.G.S. § 96-8(6)i (1985), on the facts that: (1) constitutional and statutory provisions[1] make

1. N.C. Const. Art. IV, sec. 10; N.C.G.S. § 7A-170 (1986).

magistrates officers of the district court, and (2) magistrates perform certain judicial or quasi-judicial functions. I find these facts neither dispositive nor persuasive.

As to (1), every attorney is "a sworn officer of the Court." *Smith v. Bryant*, 264 N.C. 208, 211, 141 S.E. 2d 303, 306 (1965) (quoting *Baker v. Varser*, 240 N.C. 260, 267, 82 S.E. 2d 90, 95 (1954) ). The majority would hardly conclude that all attorneys are therefore "members of the judiciary" within the meaning and intent of N.C.G.S. § 96-8(6)i.

As to (2), as stated by Judge Orr in the opinion for the Court of Appeals: "Despite any similarity in function between judges and magistrates, the employment status of magistrates more closely resembles that of other state employees than [that of] judges." *Bradshaw v. Administrative Office of the Courts*, 83 N.C. App. 237, 239, 349 S.E. 2d 621, 622 (1986).

The statement in the majority opinion that "the language of N.C.G.S. § 96-8(6)i is not ambiguous or vague" is patently ridiculous. Eleven people who without question are members of the judiciary have now passed upon the phrase at issue. Six — one judge of the superior court, three judges of the Court of Appeals, and two justices of this Court — would hold that magistrates are not "members of the judiciary" within the meaning and intent of N.C.G.S. § 96-8(6)i; five — all justices of this Court — would hold that they are. Clearer evidence of the ambiguity or vagueness of the language used is difficult to imagine.

Because the language is ambiguous or vague, it should be construed so as to effectuate the intent of the legislature, which controls the interpretation of a statute. *Quick v. Insurance Co.*, 287 N.C. 47, 56, 213 S.E. 2d 563, 569 (1975). A construction which will defeat or impair the object of a statute must be avoided if that can reasonably be done without violence to the legislative language. *In re Hardy*, 294 N.C. 90, 96, 240 S.E. 2d 367, 372 (1978).

The object of the Employment Security Law is to protect the citizens of North Carolina from "[e]conomic insecurity due to unemployment." N.C.G.S. § 96-2 (1985). To effectuate that object, "sections of the act imposing disqualifications for its benefits should be strictly construed in favor of the claimant . . . ." *In re Watson*, 273 N.C. 629, 639, 161 S.E. 2d 1, 10 (1968).

If the disqualification section in question is strictly construed in favor of the claimant, an award of benefits is mandated. I further believe an award to this claimant accords with the intent of the legislature and the object of the statute. Magistrates need only have a high school education or its equivalent. N.C.G.S. § 7A-171.2 (1986). They thus are subject to "[e]conomic insecurity due to unemployment," N.C.G.S. § 96-2 (1985), to the same extent as others who lack more advanced or specialized education or training. By contrast, those who are indisputably "members of the judiciary" — i.e., justices of the Supreme Court, judges of the Court of Appeals, and judges of the superior and district courts — with rare exceptions have been, and now must be,[2] licensed attorneys. They thus have a learned profession to revert to for a livelihood upon leaving office and therefore are considerably less likely to experience "[e]conomic insecurity due to unemployment." Magistrates thus would appear to be within the class the act was intended to protect, while justices of the Supreme Court, judges of the Court of Appeals, and judges of the superior and district courts would not.

By declaring the phrase "members of the judiciary" to be unambiguous, which — in the context presented — it patently is not, the majority avoids the requirement of strict construction of disqualifications in favor of the claimant. In doing so it defeats legislative intent and frustrates the express purpose of the act. I therefore respectfully dissent and vote to affirm the Court of Appeals.

Justice MEYER joins in this dissenting opinion.

---

2. N.C. Const. Art. IV, sec. 22.