IN RE KISER

[126 N.C. App. 206 (1997)]

Affirmed.

Judges Walker and McGee concur.

———————

IN RE: CHARLES EDWARD KISER, JR., MAGISTRATE

No. COA96-859

(Filed 6 May 1997)

**Judges, Justices, and Magistrates § 49 (NCI4th)— magistrate—aiding liquor purchase by minor—removal from office**

The trial court did not err in removing respondent from the office of magistrate pursuant to N.C.G.S. § 7A-173 because respondent's guilty plea to the offense of aiding and abetting the purchase of sprititous liquor by a person under the age of twenty-one (21) amounted to conduct prejudicial to the administration of justice that brought the judicial office into disrepute.

**Am Jur 2d, Judges § 14.**

Appeal by respondent from order entered 24 May 1996 by Judge James M. Webb in Anson County Superior Court. Heard in the Court of Appeals 31 March 1997.

Pursuant to an order entered 24 May 1996, Judge Webb made the following uncontested findings of fact. On 16 February 1996, Magistrate Charles Edward Kiser, Jr., met with an eighteen-year-old student at the Anson Senior High School during the school day. The student gave respondent twenty dollars and asked him to purchase two containers of Crown Royal liquor so he could "try it." That afternoon, respondent purchased the requested liquor and placed the paper bag containing the bottles in his automobile.

At about 7:00 p.m., the student met with respondent while he was on duty in the magistrate's office at the Anson County Sheriff's Department. Respondent asked the student if he was "ready to get [his] liquor," and handed him the keys to his car.

The student retrieved the liquor from respondent's car, approached his own vehicle, and opened the door. He was confronted

IN RE KISER

[126 N.C. App. 206 (1997)]

by Deputy Scott Long, who asked him what was in the bag. The student gave Deputy Long permission to look inside the bag, and thereafter issued a statement describing the exchange of money and liquor that took place between him and respondent.

Deputy Long and Agent Mark Isley of the State Bureau of Investigation approached respondent in the magistrate's office and asked him about his involvement with the minor student's possession of the Crown Royal liquor. Initially, respondent denied that he gave the student permission to enter his automobile and retrieve the liquor. After Agent Isley informed respondent that consideration would be given to charging the student with felonious breaking and entering a motor vehicle, respondent admitted that he had purchased the liquor and given it to the minor student.

On 22 February 1996, respondent was arrested and charged with violation of N.C. Gen. Stat. § 18B-302(c)(2) (1995), which prohibits aiding or abetting the purchase of spirituous liquor by a person under twenty-one. On 7 May 1996, pursuant to N.C. Gen. Stat. § 7A-173(b) (1995), Chief District Judge Michael E. Beale entered an order suspending respondent from performing the duties of the office of magistrate of Anson County, pending a hearing on the merits of the charges before Senior Resident Superior Court Judge James M. Webb.

On 23 April 1996, in the District Court of Anson County, respondent pled guilty to the offense of aiding and abetting the purchase of spirituous liquor by a person under twenty-one. Judge Jimmy L. Myers entered a prayer for judgment continued on the condition that respondent continue counseling and become a spokesman against youth using alcohol.

On 24 May 1996, Judge Webb entered an order permanently removing respondent from the office of magistrate for Anson County. Judge Webb concluded as a matter of law that respondent engaged in willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute. Respondent appeals.

*Attorney General Michael F. Easley, by Associate Attorney General Melanie L. Vtipil, for the State.*

*Poisson, Poisson, Bower & Clodfelter, by Fred D. Poisson, Jr., for respondent appellant.*

**IN RE KISER**

[126 N.C. App. 206 (1997)]

ARNOLD, Chief Judge.

Respondent contends that Judge Webb committed reversible error by concluding that aiding and abetting an eighteen-year-old in the possession of spirituous liquor constitutes grounds for removal of a magistrate from office. We disagree.

The North Carolina Constitution requires the legislature to enact laws providing for the removal of magistrates in the event of misconduct. N.C. Const. art. IV, § 17(3). In response to this mandate, the General Assembly enacted N.C. Gen. Stat. § 7A-173 (1995), which specifies the procedure and grounds by which a magistrate may be suspended and removed from office.

Grounds for suspension or removal of a magistrate are the same as for a judge of the General Court of Justice. G.S. § 7A-173(a). A judge may be censured or removed from office for (1) willful misconduct in office, (2) willful and persistent failure to perform his duties, (3) habitual intemperance, (4) conviction of a crime involving moral turpitude, or (5) conduct prejudicial to the administration of justice that brings the judicial office into disrepute. N.C. Gen. Stat. § 7A-376 (1995). Respondent argues that the conduct of aiding and abetting an eighteen-year-old in the possession of spirituous liquor is an "indiscretion and error in judgment" warranting censure rather than removal from office. To support this argument, he relies on several cases in which the Supreme Court chose to censure, rather than remove, judges pursuant to G.S. § 7A-376. Respondent's argument is misplaced.

The statutory procedures for removal of magistrates are entirely different from those providing for censure or removal of judges. *See In re Spivey*, 345 N.C. 404, 415, 480 S.E.2d 693, 699 (1997) (statutory procedures for removal of district attorneys are different from those for judges). Under G.S. § 7A-173, if the superior court judge finds that grounds for removal of the magistrate exist, "he *shall* enter an order permanently *removing* the magistrate from office, and terminating his salary." (Emphasis added.) Removal from office is the only sanction available, and it is mandatory. *See In re Spivey*, 345 N.C. at 415, 480 S.E.2d at 699.

Respondent asserts that his actions in aiding and abetting an eighteen-year-old in the possession of spirituous liquor do not amount to willful misconduct in office or conduct prejudicial to the administration of justice that brings the judicial office into disrepute. We believe

**IN RE KISER**

[126 N.C. App. 206 (1997)]

respondent's conduct so obviously brings the judicial office into disrepute, that such a principle hardly needs stating. Whether the conduct of a magistrate "may be characterized as prejudicial to the administration of justice which brings the judicial office into disrepute depends . . . [on] the impact such conduct might reasonably have upon knowledgeable observers." *In re Crutchfield*, 289 N.C. 597, 603, 223 S.E.2d 822, 826 (1975).

Respondent admitted that he encouraged a person under twenty-one to purchase, possess, and consume an alcoholic beverage in clear violation of the laws of this State. *See* N.C. Gen. Stat. § 18B-302 (1995). Prohibitions against underage drinking are intended to protect our youth from the dangers and indiscretions commonly associated with alcohol consumption by teenagers. *See Hart v. Ivey*, 332 N.C. 299, 307-08, 420 S.E.2d 174, 179 (1992) (Mitchell, J., concurring).

As a magistrate, respondent had a responsibility not only to uphold the law and adequately perform the duties of his office, but also to behave as a responsible adult role model in the community he served. His blatant indifference to the law is particularly reprehensible because his conduct encourages teenagers, who are especially vulnerable to inappropriate adult influences, to break the law. A knowledgeable observer is bound to find disrepute, disgrace and discredit in respondent's conduct.

As already stated, removal of a magistrate is the only sanction available under these circumstances; therefore we need not address whether respondent's conduct rose to the more serious offense of willful misconduct in office. *See In re Peoples*, 296 N.C. 109, 158, 250 S.E.2d 890, 918 (1978) (willful misconduct in office is more serious offense).

Respondent cites no authority to support his remaining assignments of error; therefore they are abandoned on appeal. N.C.R. App. P. 28(b)(5).

Affirmed.

Judges LEWIS and JOHN concur.